■ JUANITA PEREZ et al., Appellants, v BRUX CAB CORP. et al., Respondents. [674 NYS2d 343] —Order, Supreme Court,

Bronx County (George Friedman, J.), entered January 23, 1998, which, to the extent appealed from, denied plaintiffs' motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, partial summary judgment granted to plaintiffs, and the matter remanded for a determination of damages.

In this automobile accident case, plaintiffs claim that the motion court erred in denying summary judgment because a prima facie case of defendants' negligence was established as a matter of law and defendants' opposition papers failed to raise any material issues of fact as to defendants' liability or plaintiffs' comparative negligence.

At approximately 4:30 P.M., on April 28, 1997, in Long Island City, at the intersection of 22nd Street, which has two stop signs, and 41st Avenue, which has no stop signs, defendant Jhonny Jean, the driver of a yellow cab owned by defendant Brux Cab Corp., failed to stop at the stop signs on 22nd Street and collided with plaintiff Juanita Perez's automobile, which was traveling lawfully into the intersection along 41st Avenue. The front passenger corner of the cab collided with the front driver's side corner of the plaintiffs' car and dragged the car down 22nd Street. The fender, grille and radiator of the plaintiffs' car were crushed, the hood was buckled and the bumper was torn off. Juanita Perez and her two passengers, plaintiffs Carmen Aponte and Jessica Perez (the sister-in-law and daughter of Juanita Perez), sustained various back and knee injuries.

Plaintiffs submitted a fair amount of evidence, including affidavits and photographs, in support of their motion for summary judgment on liability. Juanita Perez's affidavit stated that she entered the intersection when the cab was about two car lengths away from the stop signs. She averred that from the time she first saw the cab till the time the two cars collided she had "no more than a second or two" to try and avoid the accident. The cab was traveling at a speed of more than 30 miles per hour and made no effort to avoid a collision. She heard no sound of brakes or screeching tires coming from the cab, suggesting that the cab had not made any effort to avoid her car.

Ms. Perez's description of the accident was confirmed in all pertinent details by the affidavits of two nonparty eyewitnesses, Phillip Velasquez and Mario Ponce. According to these witnesses, the cab was traveling down 22nd Street toward the intersection at a "very fast rate of speed". The cab slowed as it approached the stop signs, but instead of stopping, it proceeded

into the intersection at a speed estimated as more than 30 miles per hour, colliding with the Perez car, which had entered the intersection at "a moderate rate of speed". The witnesses also said that the cab made no efforts to avoid the collision. The affidavits of Jessica Perez and Carmen Aponte told essentially the same story.

Juanita Perez's affidavit stated that immediately after the collision, she asked the cabdriver why he was driving so fast, why he failed to stop for the stop signs and why he failed to see the Perez car. The cab driver responded, "I'm sorry, it's all my fault." When the police arrived, Ms. Perez told them that the cabdriver had passed through the stop signs. The certified police report of the accident recorded defendant Jean's admissions that he did not stop at the stop signs and did not see plaintiffs' car.

In opposition to plaintiffs' motion for summary judgment, defendants only submitted an attorney's affidavit and an unsworn accident report prepared by the cab driver at his attorney's office on the day after the accident. Defendants alleged that general questions of fact existed regarding which party, if any, was negligent, whether either party's negligence was the proximate cause of the accident and whether the comparative-negligence principle applied. We find that defendants failed to demonstrate the existence of a triable issue as to liability.

Once plaintiffs had established a prima facie case of negligence, it was defendants' obligation to submit evidentiary proof in admissible form raising triable issues of material fact in order to defeat the motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557; *Daliendo v Johnson*, 147 AD2d 312). However, in this case, defendants' attorney's affirmation presented only unsubstantiated assertions and speculation that plaintiffs may have breached a duty of care (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 327), and the unsworn, self-serving "accident report" provided by the defendant cab driver to his attorney was incompetent and inadmissible hearsay (*Daliendo v Johnson, supra*). Therefore, defendants' submissions do not constitute evidentiary proof in admissible form and thus are insufficient to raise any triable issue (*supra*), whereas the affidavits proffered by plaintiffs are sufficient to establish as a matter of law that defendants were solely at fault (*Wilke v Price*, 221 AD2d 846, 847).

This Court has ruled that the plaintiff driver had no duty to watch for and avoid a driver who might fail to stop or to proceed with due caution at a stop sign (*Namisnak v Martin*, 244 AD2d 258). "[A]n operator who has the right of way is entitled to an-

ticipate that other vehicles will obey the traffic laws that require them to yield" (*supra,* at 260). Here, there is no evidence of plaintiff's comparative negligence. She had the right of way at the intersection (*Anastasio v Scheer,* 239 AD2d 823), and she had no chance to avoid the accident in the "split second" time span in which the accident occurred (*Caban v Vega,* 226 AD2d 109, 110; *see also, Breckir v Lewis,* 21 AD2d 546, *affd sub nom. Breckir v Pleibel,* 15 NY2d 1027).

Defendants' attorney also attempted to present a question regarding the speed of the Perez car, which would present a legitimate factual issue (*see, Smart v Wozniak,* 58 AD2d 993, *lv denied* 43 NY2d 643). However, there is absolutely no support in the record for the attorney's conclusory allegation that the Perez car was speeding.

In their attorney's affirmation, defendants attempt to excuse the deficiencies in their proof by arguing that plaintiffs' summary judgment motion was premature because defendants' depositions had not yet been conducted and such depositions would provide unspecified testimony "essential" to a determination of liability. The Second Department has recently rejected a similar argument, noting that a summary judgment motion may not be defeated by a claim of unconducted discovery unless the opponent has made a showing of reasonable attempts at discovery and that discoverable facts would give rise to a triable issue (*Cruz v Otis El. Co.,* 238 AD2d 540). Here, the attorney's affirmation is silent as to any efforts made in connection with unconducted depositions, and as to what testimony would have been provided. Concur—Sullivan, J. P., Rosenberger, Rubin, Williams and Mazzarelli, JJ.