■ TRINIDAD ESPINOZA, Appellant, v HUGO LOOR, Respondent, et al., Defendants. [753 NYS2d 29] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered September 21, 2001, which granted defendant Hugo Loor's motion for sum-

mary judgment dismissing the complaint against him, unanimously affirmed, without costs.

This action arises from the collision of two vehicles, one operated by defendant Loor and the other by defendant Ramos, in an intersection. Inasmuch as it was undisputed that the Ramos vehicle entered the intersection without stopping at the stop sign immediately prior thereto, in violation of Vehicle and Traffic Law § 1142 (a) and § 1172 (a), and that Loor committed no such infraction, no stop sign having been placed to regulate entry to the intersection on the road upon which he was travelling, Loor made out a prima facie case that the accident resulted solely from Ramos' negligence (*see Singh v Shafi*, 252 AD2d 494). Thus, plaintiff, in opposing Loor's summary judgment motion, had the burden to raise a triable issue of fact (*see e.g. Perez v Brux Cab Corp.*, 251 AD2d 157, 159), which she failed to do. Although plaintiff contends that Loor was negligent in failing to reduce his vehicle's speed as he approached the intersection, she has made no showing that there were conditions warranting a speed reduction on Loor's part (*see Anastasio v Scheer*, 239 AD2d 823, 824; *Wilke v Price*, 221 AD2d 846, 847; *and see Matt v Tricil [N.Y.], Inc.*, 260 AD2d 811, 812). Nor does plaintiff's assertion that Loor failed to look to his left as he entered the intersection raise any issue as to negligence by him since the driver with the right of way "ha[s] no duty to watch for and avoid a driver who might fail to stop * * * at a stop sign" (*Perez v Brux Cab Corp.*, 251 AD2d at 159; *see also Kelsey v Degan*, 266 AD2d 843). Finally, although plaintiff claims that Loor should have taken evasive action, the record establishes that Loor first saw the Ramos vehicle a mere two seconds before the accident and, thus, that he did not have time to take evasive action (*see e.g. Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 742; *Le Claire v Pratt*, 270 AD2d 612, 613; *Wilke*, 221 AD2d at 847). Concur—Tom, J.P., Rosenberger, Friedman and Gonzalez, JJ.