■ KAVON JENKINS et al., Plaintiffs, v R.C. ALEXANDER, Appellant, and WILBERT B. HALL, Respondent. [780 NYS2d 133]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered on or about May 16, 2003, which denied the motion of defendant-appellant R.C. Alexander for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as to R.C. Alexander. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

It is undisputed that, at the time of the collision, the van driven by defendant Hall, in which plaintiffs were passengers, had proceeded along Waterbury Avenue and into its intersection with Zerega Avenue without stopping at the stop sign and that defendant-appellant Alexander, the driver of the other car, had the right of way as she proceeded along Zerega Avenue, a four-lane thoroughfare with no traffic control at that intersection. As such, in her motion for summary judgment dismissing the complaint, Alexander made out a prima facie case that the accident resulted solely from Hall's negligence (*see Espinoza v Loor*, 299 AD2d 167, 168 [2002]). Thus, in opposing that motion, it was incumbent upon plaintiffs and Hall to present admissible evidence sufficient to raise a triable issue of fact. However, the only opposition presented was attorney affirmations, which relied upon the parties' deposition testimony.

Hall asserts that the deviation in such testimony as to the contact point with the Alexander car, alternately described as "the driver's side" and the "left front fender," is sufficient to raise a material question of fact. He asserts that because his van struck Alexander's car in the front, Alexander should have seen it approaching across three lanes of Zerega Avenue and taken steps to avoid the accident. However, even viewed in the light most favorable to defendant Hall (i.e., that the contact point was in the front of Alexander's vehicle), Hall was negligent as a matter of law for failing to stop at the stop sign. Additionally, the record establishes that Alexander did not see the Hall vehicle prior to impact, and thus had no time to take evasive action. Alexander's testimony that she was traveling at a "normal speed" is uncontradicted. Moreover, Alexander's failure to look to her left as she entered the intersection does not raise any issue as to negligence on her part inasmuch as the driver with the right of way "ha[s] no duty to watch for and avoid a driver who might fail to stop . . . at a stop sign" (*Espinoza v Loor, supra* at 168, quoting *Perez v Brux Cab Corp.*, 251 AD2d 157, 159 [1998]).

Hall's contention that the distance traveled by his van within the intersection and Alexander's failure to see the van, even

momentarily, create triable issues as to whether she failed to keep a proper lookout is unavailing. Alexander, as an operator who had the right of way, was entitled to anticipate that other vehicles will obey traffic laws that require them to yield (*see Namisnak v Martin*, 244 AD2d 258, 260 [1997]). While Hall maintains on appeal that Alexander failed to maintain a good lookout and use due care in the operation of her vehicle, his attorney's affirmation in opposition presented only unsubstantiated assertions and speculation that Alexander may have breached a duty of care (*see Perez v Brux Cab Corp., supra* at 159). In sum, the opposing attorneys' affirmations were insufficient to raise any triable issue of fact as to defendant-appellant's lack of negligence. Concur—Andrias, J.P., Ellerin, Williams and Gonzalez, JJ.