■ Joseph Aiello, Respondent, v City of New York et al., Defendants, and Anthony Lando et al., Appellants. [820 NYS2d 579]—

Judgment, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about May 20, 2005, after a jury trial, which, to the extent appealed from, found the Lando defendants liable to plaintiff for 80% of a sum to be determined after a separate trial on damages, unanimously reversed, on the law, without costs, said portion of the judgment vacated and the complaint dismissed as against defendants-appellants. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured in a collision with the Lando vehicle

while riding his bicycle across an exit/entrance ramp between Pelham Parkway and the Hutchinson River Parkway. Plaintiff, proceeding along a bicycle path that intersected the ramp, had a stop sign controlling his crossing the ramp, but there was no sign or signal controlling vehicles proceeding along the ramp. Vegetation lining the sides of the ramp and a bend in its roadway obstructed the view of both cyclists and drivers.

The trial court erred in denying the Landos' CPLR 4401 motion for judgment as a matter of law at the close of plaintiff's evidence. Upon the evidence presented, there was no rational basis for the jury to find in favor of plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Plaintiff not only failed to establish a prima facie case of liability against the Landos, but the evidence clearly establishes that the Lando vehicle had the right of way and that, in violation of the Vehicle and Traffic Law, plaintiff negligently proceeded across the roadway despite the presence of a stop sign controlling his crossing. Specifically, a bicyclist on a roadway is "subject to all of the duties applicable to the driver of a vehicle by this title" (Vehicle and Traffic Law § 1231), "every driver of a vehicle approaching a stop sign shall stop . . . or in the event there is no crosswalk, at the point nearest the intersecting roadway where the driver has a view of the approaching traffic on the intersecting roadway before entering the intersection and the right to proceed shall be subject to the provisions of section eleven hundred forty-two" (Vehicle and Traffic Law § 1172 [a]), and "every driver of a vehicle approaching a stop sign shall stop as required by section eleven hundred seventy-two and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection" (Vehicle and Traffic Law § 1142 [a]).

Plaintiff admitted that he entered the roadway despite being unable to see past the bend in the road and that he chose not to walk his bike across the roadway, even though walking across might have allowed him to avoid an oncoming car. Defendant driver, as the vehicle operator with the right of way, was entitled to assume that plaintiff would obey the traffic laws requiring that he yield the right of way, and had no duty to watch for and avoid plaintiff when he failed to do so (*Perez v Brux Cab Corp.*, 251 AD2d 157, 159-160 [1998]; *see also Jordan v City of New York*, 12 AD3d 326 [2004]). Thus, defendant was not negligent, and the Lando defendants' prima facie entitlement to judgment as a matter of law was demonstrated (*see Jenkins v Alexander*, 9 AD3d 286 [2004]; *Murchison v Incognoli*, 5 AD3d 271 [2004]).

In view of the foregoing, we need not consider defendants-appellants' remaining contentions. Were we to do so, we would find them meritorious. Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.