Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered October 24, 2011, which denied plaintiffs motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established entitlement to judgment as a matter of law in this action where his vehicle was struck by a school bus driven by defendant Herrera. Herrera testified that she did not see the stop sign and apply the brakes until two or three feet of the bus had passed the sign and entered the intersection, where the collision occurred. Accordingly, plaintiff demonstrated that a substantial cause of the accident was Herrera’s negligence in failing to stop at the stop sign and yield the right of way (see Vehicle and Traffic Law § 1172 [a]).
Even assuming comparative negligence is relevant, defendants failed to raise a triable issue of fact concerning plaintiffs comparative negligence based on Herrera’s testimony that plaintiffs vehicle was traveling fast. There was a lack of evidence that plaintiff was speeding and plaintiff had no duty to anticipate that Herrera would not stop at the stop sign (see Perez v Brux Cab Corp., 251 AD2d 157, 159-160 [1st Dept 1998]). Concur — Tom, J.E, Sweeny, Acosta, DeGrasse and Richter, JJ.