■ JULIA RIVERA, Respondent, v WATER BOY, INC., et al., Appellants, and NORMA S. ADAMES, Respondent. [41 NYS3d 545]—

In an action to recover damages for personal injuries, the defendants Water Boy, Inc., and Michael Soto appeal from an order of the Supreme Court, Kings County (Edwards, J.), dated October 30, 2015, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Water Boy, Inc., and Michael Soto for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The Supreme Court erred in denying the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (*Gezelter v Pecora*, 129 AD3d 1021, 1021-1022 [2015] [internal quotation marks omitted]; *see Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]; *Rungoo v Leary*, 110 AD3d 781, 782 [2013]).

The appellants established their prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The proof submitted in support of their motion established that the vehicle operated by

the appellant Michael Soto and owned by the appellant Water Boy, Inc., entered an intersection with the right of way when it was struck on the left side by the defendant Norma S. Adames's vehicle. It is undisputed that Adames's vehicle entered the intersection from a perpendicular side street which was controlled by a stop sign and collided with the appellants' vehicle and the plaintiff's vehicle. Although there was conflicting deposition testimony as to whether Adames's vehicle struck the appellants' vehicle or the plaintiff's vehicle first, under no view of these facts could Soto be found to have acted negligently (*see Perez v Brux Cab Corp.*, 251 AD2d 157 [1998]; *Namisnak v Martin*, 244 AD2d 258, 260 [1997]). Although the plaintiff contends that Soto was negligent in failing to "see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (*Balducci v Velasquez*, 92 AD3d 626, 628 [2012]), by the time Adames's vehicle entered the intersection, the appellants' vehicle was too far into the intersection for Soto to see and avoid the accident, as evidenced by the fact that Adames's vehicle struck the appellants' vehicle on its side (*see Perez v Brux Cab Corp.*, 251 AD2d 157 [1998]; *Namisnak v Martin*, 244 AD2d at 260).

In opposition, the plaintiff and Adames failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562; *1375 Equities Corp. v Buildgreen Solutions, LLC*, 120 AD3d 783, 784 [2014]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.