Veltre v Rainbow Convenience Store, Inc. (2019 NY Slip Op 04115)





Veltre v Rainbow Convenience Store, Inc.


2019 NY Slip Op 04115


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh JJ.


9454

[*1]Joseph Veltre, et al., 158486/14E Plaintiffs-Respondents,
v
Rainbow Convenience Store, Inc., Defendant-Respondent, Eureka Realty Corp., Defendant, PEC, LLC, Defendant-Appellant.
PEC, LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Kigs 508, LLC, et al., Third-Party Defendants, Walkinstown, Inc., Third Party Defendant-Appellant-Respondent.


O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, New York (Rosemarie C. Hebner of counsel), for PEC, LLC, appellant/respondent-appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for Walkinstown, Inc., appellant/respondent.
Kagan & Gertel, Brooklyn (Irving Gertel of counsel), for Joseph Veltre and Denise Sala Veltre, respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 6, 2018, which denied defendant-third-party plaintiff PEC, LLC's motion for summary judgment dismissing the complaint and all cross claims against it, and denied third-party defendant Walkinstown, Inc.'s cross motion for summary judgment dismissing the third-party complaint and all cross claims against it, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
PEC and Walkinstown, Inc. established prima facie that plaintiff Joseph Veltre did not slip and fall on snow or ice on the sidewalk abutting their premises, by submitting the deposition testimony from both plaintiffs stating that the accident occurred in front of the adjacent premises, Rainbow Convenience Store. PEC and Walkinstown, Inc. were therefore not responsible for maintaining the portion of the sidewalk where plaintiff fell in a reasonably safe condition (see Cohen v City of New York, 101 AD3d 426 [1st Dept 2012]; Thompson v 793-97 Garden St. Hous. Dev. Fund Corp., 101 AD3d 642 [1st Dept 2012]).
In opposition, plaintiff failed to raise an issue of fact. The accident report plaintiff relied upon, in which an employee of Rainbow Convenience Store stated that he saw plaintiff attempting to walk over a mound of snow in front of the sidewalk abutting PEC and [*2]Walkinstown, Inc.'s premises, was unsworn and thus inadmissible (see Perez v Brux Cab Corp., 251 AD2d 157, 159 [1st Dept 1998]). The employee's deposition testimony that after he saw plaintiff attempting to walk over a mound of snow, he entered the convenience store and when he went outside five minutes later he saw plaintiff sitting on the curb, was not circumstantial evidence to raise an issue of fact as to whether plaintiff fell on the sidewalk abutting PEC and Walkinstown, Inc.'s premises. The employee admitted that he did not see plaintiff's accident, or that he was even aware that plaintiff had slipped and fell. The employee's testimony regarding where he believed plaintiff fell was too speculative to constitute circumstantial evidence, and did not show "facts and conditions from which the negligence of [PEC and Walkinstown, Inc.] and the causation of the accident by that negligence may be reasonably inferred" (see Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 743 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK