Laurent v Bass (2019 NY Slip Op 08183)





Laurent v Bass


2019 NY Slip Op 08183


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-07311
 (Index No. 12421/15)

[*1]Sergio Laurent, plaintiff, 
v
Johnnie D. Bass, et al., appellants, Janis E. Roderick, et al., respondents.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Johnnie D. Bass and Rodney Millis appeal from an order of the Supreme Court, Queens County (Salvatore Modica, J.), entered May 18, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Johnnie D. Bass and Rodney Millis for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
The defendant Rodney Millis was driving a car owned by the defendant Johnnie D. Bass on Wood Street at its intersection with Ilion Avenue in Queens when it was struck by a vehicle owned by Janis E. Roderick, and operated by Dominique C. King, which was traveling on Ilion Avenue. Millis lost control of the vehicle upon impact and spun into the plaintiff's vehicle, which was traveling on Wood Street in the opposite direction. Wood Street was not controlled by any stop sign at its intersection with Ilion Avenue, while there was a stop sign on Ilion Avenue at that intersection.
The plaintiff thereafter commenced the instant action to recover damages for personal injuries. Millis and Bass (hereinafter together the Millis defendants) moved for summary judgment dismissing the complaint and all cross-claims asserted against them. By order entered May 18, 2017, the Supreme Court denied the motion. The Millis defendants appeal.
"Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131). A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (see Wolf v Cruickshank, 144 AD3d 1144, 1145).
Here, the Millis defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint and cross claims asserted against them. The Millis defendants submitted transcripts of the deposition testimony of the plaintiff and of Millis, which established that Millis entered the intersection with the right of way, and that King failed to stop at [*2]the stop sign governing the street on which she was traveling. Further, the evidence demonstrated that the impact from King's vehicle caused Millis to strike the plaintiff's vehicle.
In opposition, Roderick and King, who did not dispute that King failed to stop at the stop sign, did not raise a triable issue of fact. Although "the operator of a motor vehicle has a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Balducci v Velasquez, 92 AD3d 626, 628), here, the evidence demonstrated that by the time King entered the intersection, Millis was too far into the intersection to see and avoid the accident (see Rivera v Water Boy, Inc., 144 AD3d 884, 885).
Accordingly, the Millis defendants' motion for summary judgment dismissing the complaint and all cross claims asserted against them should have been granted.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court