◼ JESSICA NAMISNAK, an Infant, by Her Mother and Natural Guardian, JANET NAMISNAK, et al., Respondents, v GLENN J. MARTIN et al., Appellants, and MICHAEL NAMISNAK, Respondent. [664 NYS2d 435] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered January 6, 1997, denying defendants-appellants' motion for summary judgment in a negligence action arising out of a two-vehicle collision, unanimously reversed, on the law, without costs, and summary judgment granted to defendants-appellants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

At about 7:00 A.M. on December 2, 1993, defendant-respondent, Michael Namisnak, Sr. ("Michael, Sr."), was driving an automobile in the eastbound lanes of Hempstead Turnpike in Uniondale, Long Island. The passengers were his granddaughter, Jessica (the infant plaintiff), his ex-daughter-in-law, Janet (the plaintiff/mother), his wife Nadia, and his son, Michael ("Michael, Jr."). The automobile collided with a tractor-trailer driven by defendant-appellant, Glenn J. Martin ("Martin"), in the course of his employment with defendant-appellant Blue Line Distributing, Inc. The truck was owned by Penske Truck Leasing Co., which leased it to Blue Line.

The Namisnak automobile drove southbound on Meadowbrook Parkway and turned off at Hempstead Turnpike eastbound. At the end of the exit ramp is a stop sign, immediately followed by the right lane of traffic on the Turnpike. The car went past the stop sign and collided with the rear right side of the truck, which was travelling along the right lane of the Turnpike. Nadia Namisnak was killed and plaintiffs were injured. (Michael, Jr. was also injured and has commenced a separate action against the same defendants.)

At an administrative hearing on May 2, 1994, Administrative Law Judge Leonard S. Margolis found no moving violation on the part of Glenn Martin, and found that Michael Namisnak, Sr. had violated Vehicle and Traffic Law § 1172 by failing to stop at a stop sign.

The subsequent deposition testimony of the surviving passengers revealed some dispute over whether and how long Michael, Sr. had stopped at the stop sign, and whether he had

seen the tractor-trailer moving towards them. Janet claimed that he had stopped for a few seconds and then proceeded despite the clearly visible truck approaching them. Michael, Jr. claimed that his father had not stopped at all, but neither had he seen the truck.

Glenn Martin, the truck driver, testified that he was driving at about 35 miles per hour in the right lane when he felt a bump. The speed limit in that lane was 40 miles per hour for trucks. Looking in his right side-view mirror, he saw the car that had collided with him and applied the brake, stopping the truck. He had not seen the car before the impact.

Defendants Martin, Blue Line and Penske moved for summary judgment dismissing the complaint against them. The trial court denied the motion because it believed that triable issues existed as to whether defendant Martin could have avoided the accident. For the following reasons, we reverse this determination and award summary judgment to defendants-appellants.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, by offering sufficient evidence to eliminate any material issues of fact (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Once the movant has made a prima facie case, the opponent must present admissible evidence tending to show the existence of a triable issue in order to defeat the motion. Mere conclusions, expressions of hope, allegations or assertions are insufficient to raise a triable fact issue (*Zuckerman v City of New York*, 49 NY2d 557, 562).

Here, defendant-appellant Martin testified that he did not observe the Namisnaks' car until after it collided with his truck. The car hit the truck's rear right side. This fact strongly suggests that the cab of the truck had passed beyond the intersection before the accident, making it unlikely that Martin would have been able to see the car coming off the exit ramp. The police deposition and the Administrative Law Judge's ruling lend further support to defendants-appellants' contention that the sole proximate cause of the accident was defendant Michael Namisnak, Sr.'s failure to stop at the stop sign. Namisnak, Sr.'s clearly negligent driving, coupled with the absence of any reasonable explanation as to how Martin could have avoided the accident, sufficiently establish defendants-appellants' prima facie entitlement to summary judgment (*see, DeAngelis v Kirschner*, 171 AD2d 593, 594).

In opposition, plaintiffs offer no plausible theory of liability that might support a finding that Martin was negligent. The

only disputed facts are whether Michael Namisnak, Sr. stopped at the stop sign for a few seconds or not at all, and whether Martin was driving in excess of the speed limit or not. Whatever way these issues are resolved, they do not alter the conclusion that Namisnak, Sr. was solely responsible for the collision.

Every alternate version of Michael Namisnak, Sr.'s behavior at the stop sign indicates some form of negligent traffic infraction. If the car did not stop at the stop sign (as Michael, Jr. claimed), it violated Vehicle and Traffic Law § 1172, which requires drivers to obey a stop sign. This was the conclusion reached by the Administrative Law Judge. Alternatively, if the car stopped for a few seconds before proceeding with unsafe haste onto the highway (as Janet claimed), it violated Vehicle and Traffic Law § 1142, which requires that any driver facing a stop sign yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.

Furthermore, even if Martin were speeding somewhat, this could not have caused the accident. As noted above, the car hit the rear right side of the truck, indicating that the truck had nearly passed all the way through the intersection. If Martin had gone even *faster*, his truck might have been out of the way when the car made the illegal entry. Obviously, it would be absurd to say that Martin caused the accident by not driving sufficiently in excess of the speed limit.

Plaintiffs' only remaining theory is that the driver of the truck had a duty to watch for and avoid any cars that might be entering onto the highway without stopping at the stop sign. This argument has no merit. First of all, an operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield (*Ward v Clark*, 232 NY 195, 197-198 [1921]; *Smart v Wozniak*, 58 AD2d 993, *lv denied* 43 NY2d 643 [4th Dept 1977]; *Anastasio v Scheer*, 239 AD2d 823). Second, by the time the Namisnaks' car entered onto the highway, the cab of Martin's truck was already too far ahead of the intersection for him to see it. Finally, even if he had seen the car run the stop sign, it is unlikely that he could have speeded up enough to avoid it without violating the speed limit. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.

■ Peter F. Bonoff, Individually and as Shareholder of General Linen Supply & Laundry Co., Inc., Appellant, v