(September 18, 2001)

■ JESSIE JOHNSON, Respondent, v ROBERT F. GOLDBERGER et al., Appellants. [730 NYS2d 309] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered June 21, 2000, which denied defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

Plaintiff's decedent Willie E. Johnson sustained injury in a collision at the intersection of Givan and Seymour Avenues in Bronx County on August 7, 1993. He was hospitalized for a period of three weeks immediately after the accident and was readmitted approximately one week following his discharge, remaining an inpatient until his death on October 9, 1993. The police report of the accident notes that decedent was unable to relate his version of events due to the injuries he received in the collision. Therefore, the only available account of the accident is that given by the driver of the other vehicle.

It is uncommon to grant summary judgment in a negligence action, even where the facts are uncontradicted (*see, Ugarriza v Schmieder*, 46 NY2d 471, 475; *Andre v Pomeroy*, 35 NY2d 361, 366-367). In this case, defendant Hugh Grossett testified that he was two or three car lengths away from the intersection with Seymour Avenue, traveling at 20 to 30 miles an hour, when he first saw the Johnson vehicle. Decedent, driving a Buick sedan, was approximately a car length from Givan Avenue, approaching from the south (Grossett's right). The Buick was moving at a low rate of speed—"just rolling"—but "didn't come to a stop" before proceeding through the intersection. The witness stated that he immediately applied his brakes, leaving 10-to-15-foot skid marks which, he insists, were confined to the roadway on Givan Avenue and did not extend into the intersection.

At the deposition, the motor vehicle accident report completed by defendant Grossett and signed by the witness was marked for identification. While this MV-104 is not included in the record, defendants' attorney read a portion into the record. It states, "I was proceeding along Givan Avenue at about twenty miles per hour and struck the side of the other vehicle when it came rapidly into the intersection ignoring the stop sign on Seymour." Thus, defendant Grossett suggests that he was involved in an unavoidable accident caused by decedent's failure to yield the right of way, as required by Vehicle and Traffic Law § 1142. However, upon closer analysis, the witness's deposition testimony appears to be both evasive and inconsistent with the physical damage to the parties' respective vehicles.

The van owned by defendant Robert Goldberger sustained damage only to the left front fender and the driver's door, according to the diagram contained in the police accident report. The Buick sedan owned by plaintiff Jessie Johnson, however, is depicted as having sustained damage to the driver's side, from the door all the way back to the left rear fender and trunk, including the rear window.

Defendant Grossett's explanation of how damage to the van he was driving was confined to the left front after colliding with a vehicle that allegedly approached from his right is hardly convincing. Grossett maintains that the impact spun the Buick "counterclockwise" through an arc he estimated to be "[m]aybe forty-five" degrees. However, when asked what part of decedent's vehicle the van struck, the witness stated, "I would say the front door, I think," which he then clarified, "Driver's side."

The damage would seem to indicate that decedent was actu-

ally completing a left turn onto Seymour Avenue when his automobile was struck at a relatively shallow angle in the driver's door by the left front fender of the van. As it proceeded forward, the van tore along the length of decedent's vehicle, causing the damage along its left side depicted in the police accident report. This scenario is consistent with the witness's testimony that the skid marks were confined to Givan Avenue and did not extend into the intersection with Seymour. Significantly, at one point the witness stated, "I can't say if he [decedent] was turning left or going straight." But later, when pressed about whether decedent had perhaps changed course after proceeding into the intersection, the witness contradicted himself stating, "I can't say he angled his car because he came straight out, straight out."

Defendants' motion seeks summary judgment pursuant to CPLR 3212 dismissing the complaint pursuant to CPLR 3211 on the ground that "there is not a scintilla of evidence in this case that Defendants * * * were in any way responsible for the injuries allegedly sustained by [plaintiff's decedent]." Thus, dismissal is sought on the ground that the complaint, as supplemented by the submissions on the motion, fails to sustain a cause of action (CPLR 3211 [a] [7]).

On appeal from an order denying a motion for summary judgment dismissing the complaint, a "court must view the facts in a light most favorable to the plaintiff" (*Crosland v New York City Tr. Auth.*, 68 NY2d 165, 168 n 2; *see also, Betzag v Gulf Oil Corp.*, 298 NY 358, 364 [plaintiff entitled to every favorable inference reasonably drawn from facts upon review of dismissal of complaint on the law]). Moreover, where the injured plaintiff is unavailable to give his account of the facts, a reduced standard of proof is applicable (*Noseworthy v City of New York*, 298 NY 76, 80 [decedent]; *Schechter v Klanfer*, 28 NY2d 228, 233 [amnesiac]; *Fasano v State of New York*, 113 AD2d 885, 888 [same]). While the cause of death is not stated in the record, the temporal proximity to the accident suggests that death was attributable to injuries sustained in the collision, or that the injuries contributed to the cause of death.

Defendants have not met their burden to eliminate any material issue of fact from this case. Thus, they have failed to establish their entitlement to judgment as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *see, Andersen v Bee Line*, 1 NY2d 169). Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Rubin, JJ.

Tom, J., dissents in a memorandum as follows: I respectfully dissent.

Plaintiff's decedent, Willie Johnson, while operating an automobile was injured in an accident with a vehicle owned by codefendant Goldberger and driven by codefendant Grossett. The accident occurred in the Bronx at the intersection of Seymour Avenue, which has a stop sign, and Givan Avenue, a through street without a stop sign. Each avenue is two lanes wide, containing a driving lane and a parking lane. Johnson has since died, allegedly as a result of causes unrelated to this accident.

Grossett was deposed in February 2000, providing the only testimony regarding the events of the accident. In relevant part, Grossett's testimony is supported by the police accident report. Grossett testified that he was driving along Givan Avenue, the through street, at about 20 to 30 miles per hour when he saw Johnson approaching the stop sign on Seymour Avenue. Grossett testified that at this time he was about two car lengths from the intersection, Johnson was about one car length from the stop sign, and approximately four car lengths actually separated the cars. Grossett, not facing a stop sign or traffic light, was about to enter the intersection when he noticed Johnson proceed through the stop sign, at which point Grossett immediately hit his horn and braked hard. Grossett described the weather that day as dry, and the time as shortly after noon. Skid marks of 10 to 15 feet in Givan Avenue itself establish the point at which Grossett applied his brakes. Nevertheless, a collision occurred when Johnson proceeded through the stop sign into the intersection, with the result that Johnson's car, after spinning about 45 degrees, crashed into Grossett's driver's side. Grossett described the damage as not major. Grossett was not injured. Johnson sustained a fractured left elbow and wrist and injuries to the face, head and spine, necessitating hospitalization for the next three weeks. He was readmitted again a week later, though, where he stayed until his death the following month. The record is unclear as to the cause of Johnson's death, but, as noted, defendants claim it was unrelated to the accident.

Plaintiff's complaint alleged that Grossett had operated his vehicle in a careless and reckless manner, had failed to properly watch ahead of him, drove at an excessive rate of speed, and failed to timely slow, stop or brake the vehicle in time to avoid the accident.

Defendants moved to dismiss on the basis of Vehicle and Traffic Law §§ 1142 and 1172, relating to Johnson's failure to stop at the stop sign and failure to yield the right of way, and on the basis of the absence of any evidence contradicting Gros-

sett's testimony or establishing a basis for his liability. Plaintiff opposed, arguing in part that under the doctrine set forth in *Noseworthy v City of New York* (298 NY 76, 80), the deceased plaintiff's burden of proof is reduced below that of a merely injured, and presumably available, plaintiff.

We have often had occasion to remark on the rule that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, by offering sufficient evidence eliminating material issues of act, upon which the motion opponent must present admissible evidence tending to show the existence of a triable issue. "Mere conclusions, expressions of hope, allegations or assertions are insufficient to raise a triable fact issue" (*Namisnak v Martin*, 244 AD2d 258, 259). The Vehicle and Traffic Law requires every driver approaching a stop sign to stop before entering the intersection (§ 1172), and thereafter to yield the right of way to any vehicle entering or so closely approaching the intersection as to constitute a hazard with regard to the other approaching driver (§ 1142).

Grossett's unrebutted evidence establishes that Johnson did not stop. Moreover, we have recognized that "an operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin, supra* at 260; *accord, Matt v Tricil*, 260 AD2d 811; *accord, Cenovski v Lee*, 266 AD2d 424), an anticipation to which Grossett was also entitled. Whether Johnson failed to stop, or, momentarily stopping, rolled into the intersection without yielding the right of way, the conclusion is inescapable that Johnson violated the Vehicle and Traffic Law, thereby proximately causing the collision (*id.*). Johnson's negligence in failing to stop at the stop sign, coupled "with the absence of any reasonable explanation as to how [defendant] could have avoided the accident, sufficiently establish [defendants'] prima facie entitlement to summary judgment" (*Namisnak v Martin, supra* at 259; *accord, Cenovski v Lee, supra*; *Matt v Tricil, supra*). Nor is any evidence presented in opposition to the motion that any condition warranted Grossett's reduction of speed at this intersection prior to the time when he braked (*Wilke v Price*, 221 AD2d 846; Vehicle and Traffic Law § 1180 [a], [e]). Viewing the evidence simply in a light most favorable to plaintiff, as opponent of summary judgment, the evidence allows for no factual dispute attributing potential liability to Grossett.

Plaintiff contends that the *Noseworthy* doctrine, applicable in wrongful death cases, sufficiently reduces the burden as a

consequence of the death of plaintiff's decedent. Without our reaching the issue whether, in fact, Johnson died as a result of injuries sustained in the accident, or whether the doctrine is applicable when, as in the present case, any wrongful death claim is time barred, the doctrine has no applicability "unless plaintiff first makes a showing of facts from which [defendant's] negligence may be inferred" (*Barile v Carroll*, 280 AD2d 988), a bar especially applicable here. Whether or not Grossett sufficiently reduced his speed, or sufficiently watched entering lanes of traffic, is speculative and, in any event, fails to raise a factual issue that could overcome the imposition of sole liability on Johnson arising out of his violation of the Vehicle and Traffic Law (*Barile v Carroll*, *supra* at 989).

The majority finds a factual dimension to this case based on its own comparison of the damage to the respective cars, and concludes that the decedent must have been *completing* a left turn at the time of impact. With all due respect, this is speculative. If this was plaintiff's contention as to how the accident occurred, a supporting affidavit from an expert such as an accident reconstructionist should have been submitted in order to raise an issue of fact. This was not done. The majority also reads defendant's deposition testimony as being evasive in this regard. However, defendant was clear that decedent was only proceeding through the intersection, unlawfully, as defendant stepped on his brakes, and that the car spun on impact. Understandably, defendant might not have recalled with crystal clarity every aspect of the impact as it occurred, but the unrebutted testimony was not evasive and establishes the defense so as to warrant judgment as a matter of law.

Accordingly, I would reverse to grant the motion and dismiss the complaint.