■ ROBIN Y. WILSON, Appellant, v FRANK TROLIO, JR., et al., Respondents. [816 NYS2d 355]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered September 28, 2005, which, in an action for personal injuries sustained when the parties' vehicles collided at or near an intersection, denied plaintiff's motion for partial summary judgment on the issue of liability, and order, same court and Justice, entered January 20, 2006, which, insofar as appealable,

denied plaintiff's motion to renew, unanimously affirmed, without costs.

It cannot be said as a matter of law that defendant driver's conduct was the sole proximate cause of the accident simply because his approach into the intersection was regulated by a stop sign whereas no traffic control devices regulated plaintiff's approach (*Hernandez v Bestway Beer & Soda Distrib.*, 301 AD2d 381 [2003]). Upon review of the record, including the unsigned deposition transcripts that plaintiff submitted in support of her first motion, issues of fact exist, including whether defendants' vehicle was already in the intersection when plaintiff approached and whether plaintiff's speed was a contributing factor. Plaintiff's motion to renew, which submitted the same deposition transcripts as on the first motion but now signed, was properly denied on the ground that the court had indicated in its first order that the transcripts were considered even though not signed (CPLR 2221 [e] [2]). Concur—Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ.