■ GWENDOLYN C. DINHAM, Appellant, v EDWARD D. WAGNER et al., Defendants, and NANCY KIM et al., Respondents. [851 NYS2d 535]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 6, 2006, which, upon reargument of a prior order, granted the Kim defendants' motion for summary judgment dismissing the complaint against them, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered August 4 and 31, 2006, unanimously dismissed, without costs, as superseded by appeal from the October 6 order.

Plaintiff, a passenger in a vehicle owned by defendant Wagner and driven by defendant Dinham, seeks damages for injuries sustained in an accident in which that vehicle collided at an intersection with a vehicle driven by defendant Choung-Mi Kim. It is undisputed that Kim had the traffic light in her favor at the intersection. It is well settled that "an operator who has the right of way is entitled to anticipate that other vehicles will

obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260 [1997]), and has "no duty to watch for and avoid a driver who might fail to stop . . . at a stop sign" (*Perez v Brux Cab Corp.*, 251 AD2d 157, 159-160 [1998]). The Kim defendants made a prima facie showing of entitlement to summary judgment by submitting the accident report containing a statement by Dinham that she had run the red light, and an affidavit from defendant Choung-Mi Kim stating that she was not at fault and could not have avoided the vehicle that ran the red light (*see Espinoza v Loor*, 299 AD2d 167 [2002]). In opposition, plaintiff failed to raise a triable issue of fact (*see Murchison v Incognoli*, 5 AD3d 271 [2004]). The affirmation by plaintiff's counsel, who had no personal knowledge of the accident, was insufficient to raise an issue of fact as to whether Kim was comparatively negligent (*see Jenkins v Alexander*, 9 AD3d 286 [2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.