[867 NYS2d 431]

Olga Nevarez et al., Respondents, v S.R.M. Management Corp. et al., Appellants.

First Department, November 20, 2008

**APPEARANCES OF COUNSEL**

*Baker, McEvoy, Morrissey & Moskovits, P.C.*, New York City (*Holly E. Peck* and *Michael I. Josephs* of counsel), for appellants.

*Pollack, Pollack, Isaac & DeCicco*, New York City (*Brian J. Isaac* and *Diane K. Toner* of counsel), for respondents.

**OPINION OF THE COURT**

RENWICK, J.

Plaintiff Olga Nevarez commenced this action seeking to recover for personal injuries sustained following a two-car accident in the vicinity of Monroe Avenue, in the Bronx, on April 9, 2006. Plaintiff testified, during her examination before trial, that immediately prior to the accident she was driving her vehicle on Monroe Avenue, a one-way street, with her daughter as a front-seat passenger and a third person as a rear-seat passenger. She came to a full stop at the stop sign at the 175th Street intersection. While stopped, plaintiff looked to the right and to the left and observed no cars approaching the intersection from 175th Street. After making sure it was safe to continue, plaintiff proceeded to drive on Monroe Avenue across the intersection. As she crossed the double yellow line into the far side of 175th Street, she heard her daughter say that a car was approaching "mad fast." As plaintiff looked to the right, the front of defendants' car struck the passenger side of plaintiff's car. Plaintiff described the impact as "very heavy" and estimated that the vehicle, driven by defendant J.R. Nina Rodriguez and owned by defendant S.R.M. Management Corp., had been traveling at approximately 40 miles per hour.

Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. In support, defendants relied upon the aforementioned testimony of plaintiff and that of Rodriguez, who provided a different version of the accident. Rodriguez testified that he was traveling on 175th Street, which was not controlled by any traffic control device. Having the right-of-way, he entered the intersection, traveling at no more than 10 to 15 miles per hour. He looked straight ahead and did not observe any cars. Immediately upon entering the intersection, his vehicle struck the passenger side of plaintiff's vehicle toward the rear door. Defendants argued that plaintiff was negligent as a matter of law as the evidence established that plaintiff allegedly failed to yield the right-of-way in violation of Vehicle and Traffic Law § 1140. Supreme

Court denied the motion, and this appeal ensued. We now affirm.

Defendants argue that Supreme Court erred in denying summary judgment dismissing the action because plaintiffs did not rebut the presumption of exclusive liability that must be imputed to plaintiff as the driver who approached an intersection controlled by a traffic device. With regard to automobile accidents, however, this Court has repeatedly held that "[i]t cannot be said as a matter of law that [one] driver's conduct was the sole proximate cause of the accident simply because his approach into the intersection was regulated by a stop sign whereas no traffic control devices regulated [the other driver's] approach" (*Wilson v Trolio*, 30 AD3d 255, 256 [2006]; *see also Pappalardi v Jones*, 29 AD3d 391 [2006]; *Hernandez v Bestway Beer & Soda Distrib.*, 301 AD2d 381 [2003]).

This is particularly so in this case where the conflicting deposition testimony of plaintiff and Rodriguez raises several issues of fact that preclude the granting of summary judgment. One fallacy in defendants' argument, accepted by the dissent herein, is that Rodriguez had the right-of-way. Of course, when a driver who approaches an intersection with a stop sign fails to yield the right-of-way to another driver who approaches the same intersection from another street without a traffic control device, he/she violates Vehicle and Traffic Law § 1140 and is thus guilty of negligence as a matter of law (*see e.g. Perez v Brux Cab Corp.*, 251 AD2d 157, 159-160 [1998]).

Here, however, plaintiff has raised an issue of fact as to whether Rodriguez had the right-of-way. Plaintiff testified not only that she stopped at the stop sign, but that she observed no cars at or near the other side of the intersection before she proceeded to drive into the intersection. While Rodriguez testified that he had the right-of-way at the time he entered the intersection, the dispute about which car arrived at and left the intersection first raises factual issues to be resolved by the trier of fact. The jury is free to reject Rodriguez's allegations that plaintiff failed to properly yield to crossing traffic before proceeding into the intersection and attribute the cause of the accident to Rodriguez's conduct of entering the intersection when he did not have the right-of-way.

Even if defendants had presented irrefutable evidence that Rodriguez had the right-of-way, they would not have been entitled to summary judgment because the record demonstrates questions of fact as to Rodriguez's comparative negligence.

"[U]nder the doctrine of comparative negligence, 'a driver who lawfully enters an intersection . . . may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection' " (*Romano v 202 Corp.*, 305 AD2d 576, 577 [2003], quoting *Siegel v Sweeney*, 266 AD2d 200, 202 [1999]; *see also Wilson*, 30 AD3d at 256).

These conflicting versions of the accident also raise issues of fact as to whether Rodriguez failed to use reasonable care to avoid the collision. Indeed, it is undisputed that Rodriguez's vehicle broadsided plaintiff's vehicle, which creates a reasonable probability that plaintiff's car had crossed the intersection first. If plaintiff's vehicle had already started to enter the intersection when Rodriguez approached it, Rodriguez had a duty to use reasonable care to avoid the collision.

While Rodriguez testified that he approached the intersection at no more than 10 to 15 miles per hour, plaintiff has raised questions about the reliability of Rodriguez's testimony as to his "slow" traveling speed, as suggested by plaintiff's description of the "very heavy" impact and the condition of her car after the collision. In addition, immediately prior to the collision, plaintiff's daughter observed Rodriguez's car approaching "mad fast." Under the circumstances of this case, it is for the jury to decide whether Rodriguez exercised such care as required.

Furthermore, the cases relied upon by defendants do not mandate a different result. For instance, defendants' reliance on *Dinham v Wagner* (48 AD3d 349 [2008]) is misplaced. In *Dinham*, the plaintiff was a passenger in a vehicle driven by the defendant Dinham when the vehicle collided at an intersection with a vehicle operated by the defendant Kim. Kim made a prima facie showing of entitlement to summary judgment by submitting the accident report in which Dinham admitted that she had run the red light, as well as an affidavit from Kim denying that she did anything wrong and claiming that she could not have avoided the vehicle that ran the red light. This Court found that Kim was entitled to summary judgment since the plaintiff failed to raise an issue of fact as to whether Kim was comparatively negligent. The plaintiff merely submitted an affirmation by her counsel who had no personal knowledge of the action.

Here, unlike *Dinham*, plaintiff never signed a motor vehicle accident report admitting that she ran the stop sign; instead, she testified that she had in fact stopped at the stop sign and

looked both ways before proceeding into the intersection. Moreover, plaintiff testified that it was not until she had crossed the intersection that she noticed Rodriguez's car traveling at approximately 40 miles per hour. Thus, unlike the plaintiff in *Dinham,* plaintiff here clearly raised issues of fact as to whether she had the right-of-way when she entered the intersection and whether Rodriguez was solely at fault or comparatively negligent.

*Namisnak v Martin* (244 AD2d 258 [1997]), also relied upon by defendants, is readily distinguishable. In *Namisnak,* the defendant Martin testified that he did not observe Namisnak's car until it hit his truck's "rear right side" (*id.* at 259). This Court found the fact that Namisnak's car hit the rear side of Martin's truck "suggests that the cab of the truck had passed beyond the intersection before the accident, making it unlikely that Martin would have been able to see the car coming off the exit ramp" (*id.*). Thus, this Court held that even if Martin was speeding, "this could not have caused the accident." (*Id.* at 260.)

Here, unlike *Namisnak,* the evidence suggests that plaintiff entered the intersection before Rodriguez since it is undisputed that defendants' vehicle hit the passenger side of plaintiff's vehicle. Plaintiff also testified that she had in fact stopped at the stop sign and looked both ways before proceeding into the intersection. Thus, unlike *Namisnak,* the evidence clearly raised issues of fact as to whether plaintiff had the right-of-way as she entered the intersection and whether Rodriguez was solely at fault or comparatively negligent.

Accordingly, the order of the Supreme Court, Bronx County (Alan Saks, J.), entered October 24, 2007, which denied defendants' motion for summary judgment dismissing the complaint, should be affirmed, without costs.

CATTERSON, J. (dissenting). Extensive and consistent precedent of this Court establishes that the driver of a car traveling on a dominant or through street with the right-of-way is entitled to presume that a driver approaching an intersection on the subservient street controlled by a stop sign will yield. Because the plaintiff failed to come forward with evidence of negligence on the part of the driver on the dominant street, I respectfully dissent.

In my view, the motion court erred in denying the defendants' summary judgment motion. The evidence establishes that the defendants' vehicle had the right-of-way and that, in violation

of the Vehicle and Traffic Law, the plaintiff negligently proceeded across the roadway despite the presence of a stop sign controlling her crossing. The law is clear that:

> "[E]very driver of a vehicle approaching a stop sign shall stop . . . in the event there is no crosswalk, at the point nearest the intersecting roadway where the driver has a view of the approaching traffic on the intersecting roadway before entering the intersection and the right to proceed shall be subject to the provisions of section eleven hundred forty-two" (Vehicle and Traffic Law § 1172 [a]), and

> "every driver of a vehicle approaching a stop sign shall stop as required by section eleven hundred seventy-two and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection." (Vehicle and Traffic Law § 1142 [a].)

In *Shea v Judson* (283 NY 393, 398 [1940]), cited by the plaintiff, the Court stated that:

> "Even though [the defendant] was authorized to proceed in the face of the green light, if he observed [the codefendant] in the intersection or so near as to render it likely that a collision would occur unless [the defendant] reduced his speed or stopped his car or if the circumstances and conditions were such that, in the exercise of ordinary prudence, [the defendant] ought to have made such an observation, [the defendant] was not authorized to proceed blindly and wantonly without reference to the [codefendant's] car but was bound to use such care to avoid the collision as an ordinarily prudent man would have used under the circumstances."

The Court subsequently stated in *Healy v Rennert* (9 NY2d 202, 210 [1961]) that:

> "A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It is for that reason that, even though it be established as matter of law that one party had the right of way over the other, the issue of negligence

or contributory negligence may still be a question of fact inasmuch as right of way rules are seldom absolute and are usually factors entering into the general context of reasonable care" (internal quotation marks omitted).

The Court in *Healy* cited *Ward v Clark* (232 NY 195, 198 [1921]), in which Judge Cardozo noted that "[t]he supreme rule of the road is the rule of mutual forbearance."

One of the treatises on New York tort law, in citing *Ward*, summarizes the duties of drivers with a right-of-way as follows:

"[W]hen statutes, regulations, or ordinances speak in terms of the 'right of way' and the duty to yield to that right, they do not set down an inflexible rule, such as when they impose speed limits or duties to stop at certain locations. Rather, the notion of a right of way is part of the common law, common-sense 'rules of the road.' Under these flexible rules, drivers must remain vigilant of other drivers, but may generally assume, absent evidence to the contrary, that another driver will also exercise vigilance and reasonable care. The granting of the right of way to a driver in a specific situation generally gives that driver a priority over the way in relation to other drivers in the area. Even drivers with the right of way must continue to exercise vigilance and reasonable care. Thus, if an accident occurs, the right of way acts somewhat like a rebuttable presumption of negligence on the part of the driver who did not have the right of way." (2 Kreindler, Rodriguez, Beekman and Cook, New York Law of Torts § 12:71 [15 West's NY Prac Series 1997].)

The applicable Pattern Jury Instructions charge on this issue, PJI 2:80A, which is based on *Shea*, states that:

"As the driver traveling on the through highway, [the driver] had the right to assume that vehicles traveling on intersecting streets would obey the provisions of Vehicle and Traffic Law, Section 1142 (a). However, a driver traveling on a through highway is still required to use reasonable care and may not proceed recklessly into the intersection in disregard of a vehicle traveling on an intersecting street. A driver proceeds recklessly after (he, she) knows or

has reason to know that the other vehicle has entered or is about to enter the intersection without stopping."

The defendant driver, as the operator of the vehicle with the right-of-way, was entitled to assume that the plaintiff would obey the traffic laws requiring that she yield the right-of-way. (*Perez v Brux Cab Corp.*, 251 AD2d 157, 159-160 [1st Dept 1998]; see *Dinham v Wagner*, 48 AD3d 349 [1st Dept 2008]; *Aiello v City of New York*, 32 AD3d 361 [1st Dept 2006]; *Jordan v City of New York*, 12 AD3d 326 [1st Dept 2004]; *Espinoza v Loor*, 299 AD2d 167 [1st Dept 2002]; *Namisnak v Martin*, 244 AD2d 258 [1st Dept 1997].)

The defendant driver testified that he was driving at a reasonable rate of speed (10 to 15 miles per hour) as he approached the intersection; that he intended to drive straight through the intersection; that the road was flat and nothing obstructed his view or distracted him as he approached the intersection; that he was looking straight ahead as he neared the intersection; and that he did not see plaintiff's vehicle before the accident. There is no evidence that the defendant knew the plaintiff's vehicle was about to enter the intersection, and, in light of the defendant's testimony indicating that he was operating his vehicle in an attentive and prudent manner, there is no evidence that he should have known that she was going to do so. In short, the mere fact that the defendant testified that he did not see the plaintiff's vehicle is not sufficient to infer, let alone establish, that he should have seen her vehicle. Thus, the defendant had no obligation to reduce his speed or take evasive action to avoid plaintiff's vehicle.

The defendants made out a prima facie case that they were not negligent and are entitled to judgment as a matter of law. (*See Jenkins v Alexander*, 9 AD3d 286 [1st Dept 2004]; *Murchison v Incognoli*, 5 AD3d 271 [1st Dept 2004].) The burden then fell to the plaintiff to raise a triable issue of fact.

To the extent that the majority believes that the defendant's speed created just such an issue of fact precluding summary judgment, there simply is no support in the record for such a claim. In her EBT, the plaintiff testified that she did not see the defendant prior to the impact; that her belief that the defendant had to be traveling in excess of 40 miles per hour was not based on her own observations; and, that her daughter (who was not deposed) exclaimed that the defendant was "coming mad fast."

The plaintiff's daughter's statement that the defendant was "coming mad fast" is patently insufficient to raise a triable issue of fact regarding the speed of defendant's vehicle. (*See Murchison,* 5 AD3d at 271 ["Plaintiff's bare speculation that defendant driver was 'going fast' is insufficient to create an issue of fact requiring trial"]; *Sheppeard v Murci,* 306 AD2d 268, 269 [2d Dept 2003] ["Contrary to the plaintiffs' contention, they failed to present evidence that the defendant operated his vehicle in a negligent manner, and any assertion that the defendant was driving 'too fast' was unsubstantiated and wholly subjective" (citations omitted)]; *Wolf v We Transp.,* 274 AD2d 514 [2d Dept 2000] [Witness' statement that vehicle " 'seemed to be going a little too fast' . . . was wholly subjective, unquantifiable, and conclusory. It was thus insufficient to defeat the defendants' prima facie showing of entitlement to judgment as a matter of law" (citations omitted)].) All of this is clearly insufficient to overcome the long-established presumption that the plaintiff had the duty to yield the right-of-way.

The majority errs in determining that a triable issue of fact exists regarding which driver had the right-of-way. Both the plaintiff and the defendant testified that the road on which the plaintiff was traveling was controlled by a stop sign and the road on which the defendant was traveling was not controlled by a traffic control device. Thus, no issue of fact exists regarding which driver had the right-of-way—the defendant had it (Vehicle and Traffic Law § 1172 [a]; § 1142 [a])—and the only question is whether a triable issue of fact exists concerning whether the defendant was comparatively negligent. Indeed, the plaintiff's comprehensive brief focuses all but exclusively on the issue of comparative fault.

Furthermore, *Wilson v Trolio* (30 AD3d 255 [1st Dept 2006]) and *Hernandez v Bestway Beer & Soda Distrib.* (301 AD2d 381 [1st Dept 2003]), relied upon by the plaintiff, do not dictate a contrary result. Both cases merely stand for the benign proposition that issues of fact surrounding an accident will preclude summary judgment. Absent proof that the defendant was traveling at an excessive rate of speed or was otherwise negligent, the defendant was entitled to summary judgment. To read anything more into either decision would put them in direct contravention of the Vehicle and Traffic Law as well as the precedent cited above.

MAZZARELLI, J.P., and ACOSTA, J., concur with RENWICK, J.; CATTERSON and McGUIRE, JJ., dissent in a separate opinion by CATTERSON, J.

Order, Supreme Court, Bronx County, entered October 24, 2007, affirmed, without costs.