■ WILLIAM RIVERA et al., Appellants, v BERRIOS TRANS SERVICE INC. et al., Respondents. [882 NYS2d 114]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.),

entered January 7, 2008, which, in an action for personal injuries sustained in a motor vehicle accident, granted defendants' motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings, including disposition of that branch of defendants' motion for summary judgment dismissing plaintiff Isabel Rivera's complaint on the ground that she did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d).

It cannot be said as a matter of law that plaintiff driver's conduct was the sole proximate cause of the subject car accident. Although a stop sign regulated the approach of plaintiff driver into the intersection and no traffic control devices regulated defendant driver's approach, the record presents triable issues of fact, including, inter alia, whether plaintiff stopped for the stop sign and which vehicle was in the intersection first (*see Nevarez v S.R.M. Mgt. Corp.*, 58 AD3d 295 [2008]; *Wilson v Trolio*, 30 AD3d 255 [2006]; *Hernandez v Bestway Beer & Soda Distrib.*, 301 AD2d 381 [2003]).

Because the motion court denied, as moot, the branch of defendants' motion for summary judgment dismissing plaintiff Isabel Rivera's complaint on the ground that she did not sustain a "serious injury," the matter is remanded for disposition of that branch of defendants' motion. Concur—Mazzarelli, Friedman and Renwick, JJ.

Gonzalez, P.J. (concurring). Although I am in agreement with the reasoning of my dissenting colleague, I nevertheless feel constrained by our decision in *Nevarez v S.R.M. Mgt. Corp.* (58 AD3d 295 [2008]), and therefore concur with the majority.

Catterson, J. (dissenting). I am compelled to dissent for the reasons stated in my dissent in *Nevarez v S.R.M Mgt. Corp.* (58 AD3d 295, 299 [2008]) because I believe that the facts of the two cases present the same issue, namely: the duty of drivers on both dominant and subservient streets when approaching a stop sign.