■ IRENE BOATENG, Appellant, v YE YIYAN et al., Respondents. [990 NYS2d 17]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 26, 2012, which granted the motions of defendant Juan Dume and defendants Ye Yiyan and Chen Ping for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motions denied as to plaintiff's serious injury claims, the matter remanded for further proceedings, including disposition of that branch of defendant Dume's motion that sought summary judgment on the issue of his liability, and otherwise affirmed, without costs.

Preliminarily, plaintiff waived her argument that defendant Dume was not entitled to move for summary judgment because he had not filed an answer, by joining in his application for leave to interpose a late answer. Her acquiescence in his request avoided the possibility that his alternate request, that the court dismiss the complaint against him as abandoned (CPLR 3215 [c]), would be granted.

Defendants made a prima facie showing that plaintiff did not suffer a serious injury involving a permanent consequential or significant limitation in use of her cervical spine or any other claimed body part by submitting expert medical reports finding normal ranges of motion in those body parts (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350, 352 [2002]; Vega v MTA Bus Co., 96 AD3d 506 [1st Dept 2012]). In opposition, plaintiff raised a triable issue of fact as to whether she sustained a permanent consequential or significant limitation of use of any body part. The affirmed report of plaintiff's physician was admissible, even though relying in part on unsworn contemporaneous MRI reports and medical evaluations (see Byong Yol Yi v Canela, 70 AD3d 584 [1st Dept 2010]; Rivera v Super Star Leasing, Inc., 57 AD3d 288, 288 [1st Dept 2008]). The MRI reports and evaluations may be considered for the further reason that they were reviewed by defendants' experts in preparing their reports (see Johnson v KS Transp. Inc., 115 AD3d 425 [1st Dept 2014]).

Defendants failed to make a prima facie showing that plaintiff did not sustain a medically determined injury of a nonpermanent nature that prevented her from performing substantially all of her customary and daily activities for 90 of the 180 days immediately following the accident (see Delgado v Papert Tr., Inc., 93 AD3d 457 [1st Dept 2012]). Defendants' physicians' examinations took place well after the relevant 180-day period, and defendants submitted no other evidence disproving plaintiff's

claim that she was disabled and unable to return to her work as a hotel chamber maid for six months following the accident due to a medically determined injury caused by the accident (*see Jeffers v Style Tr. Inc.*, 99 AD3d 576 [1st Dept 2012]; *Quinones v Ksieniewicz*, 80 AD3d 506, 506-507 [1st Dept 2011]). In light of defendants' failure to meet their initial burden on the 90/180-day claim, plaintiff's proof need not be reviewed (*see Jeffers* at 577-578). If plaintiff ultimately prevails on her 90/180-day claim, she will be entitled to recover damages for all her injuries proximately caused by the accident (*Martinez v Goldmag Hacking Corp.*, 95 AD3d 682 [1st Dept 2012]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548 [1st Dept 2010]).

Because the motion court denied, as moot, the branch of defendant Dume's motion for summary judgment dismissing the complaint and all cross claims on the ground that he was not liable for the underlying vehicular collision here, the matter is remanded for disposition of that branch of his motion (*see Rivera v Berrios Trans Serv. Inc.*, 64 AD3d 416 [1st Dept 2009]). Concur—Sweeny, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.