■ Marisol Rosado, Appellant, v C.J. Wadolowski et al., Respondents. [9 NYS3d 214]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 22, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint for failure to satisfy the serious injury threshold pursuant to Insurance Law § 5102 (d) with respect to plaintiff's right knee, unanimously modified, on the law, to deny the motions insofar as plaintiff claims a significant limitation of use of her right knee, and otherwise affirmed, without costs.

Plaintiff alleges that she suffered a right knee injury requir-

ing arthroscopic surgery as a result of the subject motor vehicle accident. Defendants made a prima facie showing that plaintiff did not sustain permanent consequential or significant limitation injuries to her right knee a result of the accident by submitting the affirmed report of an orthopedist who found full range of motion in her knee and a neurologist who, upon review of her medical records, opined that her knee condition related to preexisting tendinitis (*see Boateng v Ye Yiyan*, 119 AD3d 424, 425 [1st Dept 2014]).

In opposition, plaintiff submitted an affirmed report of her orthopedic surgeon who found objective medical evidence that she suffered a partial tear of her meniscus and other injuries to her right knee and opined that those injuries were causally related to the accident. Although he found no limitation in range of motion upon recent examination (*see Martinez v Goldmag Hacking Corp.*, 95 AD3d 682, 683 [1st Dept 2012]), his findings of qualitative limitations that persisted despite conservative treatment and required surgical treatment raise an issue of fact as to whether she suffered a serious injury involving a significant, but not permanent, limitation in use (*see Kang v Almanzar*, 116 AD3d 540, 540-541 [1st Dept 2014]; *Kone v Rodriguez*, 107 AD3d 537, 538 [1st Dept 2013]).

The court properly dismissed plaintiff's 90/180 claim, as she failed to allege in her bill of particulars that she was incapacitated for at least 90 of the first 180 days following the accident (*see Chaston v Doucoure*, 125 AD3d 500, 501 [1st Dept 2015]; *Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]). Concur—Friedman, J.P., Acosta, Richter and Gische, JJ. ▮