■ ANA JOCELYN PENA, Appellant, v PENNY LANE REALTY INC., Respondent. [11 NYS3d 25]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 7, 2014, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff, a resident in defendant's building, claimed that she was robbed at gunpoint and assaulted in the lobby as she was leaving for work. She alleged that the assailant gained access to the premises as a result of a malfunctioning lock on one of the entryway doors.

In its motion for summary judgment, defendant prima facie established that it "discharged its common-law duty to take minimal security precautions against reasonably foreseeable criminal acts by third parties" (*James v Jamie Towers Hous. Co.,* 99 NY2d 639, 641 [2003]) through the testimony of its live-in superintendent who stated that the lock on the entrance door to the building was functional both before and after the subject incident. Plaintiff, however, raised a triable issue of fact as to whether defendant had actual or constructive notice of the allegedly defective lock on the interior vestibule door (*Picaso v 345 E. 73 Owners Corp.,* 101 AD3d 511 [1st Dept

2012]). At her deposition, plaintiff testified that she did not need to use her key to open the door for the entire week leading up to the incident and that her husband had verbally complained to the building superintendent within that time period about the lock being inoperable. Viewing the evidence in a light most favorable to the non-moving party (*Johnson v Goldberger*, 286 AD2d 604 [1st Dept 2001]), a trier of fact could rationally conclude that the superintendent, who claimed to have inspected the lock daily, had sufficient time to discover and remedy the purported faulty condition. We note that the hearsay evidence about the husband's statement may be relied upon to defeat summary judgment because it is not the only evidence submitted in opposition (*Fountain v Ferrara*, 118 AD3d 416 [1st Dept 2014]). Any issues of credibility raised by defendant concerning plaintiff's position are for the jury to resolve (*Ocean v Hossain*, 127 AD3d 402 [1st Dept 2015]).

There is also sufficient evidence to raise issues of fact regarding whether plaintiff's attack was foreseeable. The evidence included a police complaint documenting a homicide that occurred directly in front of the building a few weeks prior to the incident and a police detective's deposition testimony that the immediate vicinity of defendant's building was identified by the NYPD as having a "robbery pattern" (*see Romero v Twin Parks Southeast Houses, Inc.*, 70 AD3d 484, 485 [1st Dept 2010]; *Jacqueline S. v City of New York*, 81 NY2d 288, 294 [1993]). Additionally, if the assault occurred in the manner presented by plaintiff, a jury could find proximate cause on the ground that the assailant would have gained access to the premises through a negligently maintained entrance (*see Romero*, 70 AD3d at 486). Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.