Aguilar v City of New York (2018 NY Slip Op 04838)





Aguilar v City of New York


2018 NY Slip Op 04838


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6917 301790/11 -2871] 83918/13

[*1] Jose Aguilar, Plaintiff,
v
The City of New York, et al., Defendants.
[And a Third Party Action] 
Conair Corporation, Second Third-Party Plaintiff-Respondent, -against-Ashlar Mechanical Corp., Second Third-Party Defendant-Appellant.


Law Office of Gizzo & Rayhill, Elmsford (Jonathan R. Walsh of counsel), for appellant.
Burke, Conway & Dillon, White Plains (Michael G. Conway of counsel), for respondent.



Order, Supreme Court, Bronx County (Joseph Capella, J.),
entered on or about January 24, 2018, which denied second third-party defendant Ashlar Mechanical Corporation's CPLR 3212 motion for summary judgment dismissing the second third-party action commenced by second third-party plaintiff Conair Corporation, unanimously affirmed, without costs.
It is well settled that summary judgment is a drastic remedy that should be employed only when there is no doubt as to the absence of triable issues (see Andre v Pomeroy, 35 NY2d 361, 364 [1974]; Martin v Briggs, 235 AD2d 192, 196 [1st Dept 1997]). The court should accept as true the evidence submitted by the opposing party and evidence of the movant that favors the opposing party (see O'Sullivan v Presbyterian Hosp. in City of N.Y. at Columbia Presbyt. Med. Ctr., 217 AD2d 98, 101 [1st Dept 1995]).
The record contains no signed written indemnification agreement, but issues of fact still preclude summary judgment in Ashlar's favor, given other evidence of the parties' intent to be bound, including Ashlar's performance of the project at issue, and its receipt of payment therefor in the amount reflected in the agreement alleged by Conair (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 368-369 [2005]). Ashlar did not outright deny the existence of an indemnification agreement in its answer, and although its principal testified that he would have never signed an indemnification/insurance procurement agreement such as that alleged by Conair here, Conair's principal testified, to the contrary, that Ashlar had signed such agreements in the past, and that Conair's subcontractors generally were required to sign such agreements in order to be paid. The record further indicates that, in connection with at least one prior arrangement, Ashlar did procure insurance for Conair's benefit.
On this record, and in the context of conflicting testimony, summary judgment was properly denied (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295 [1st Dept 2008]; Rosario v Benmergui, 6 AD3d 311 [1st Dept 2004]; Sierra v C.C. Controlled Combustion Co., 308 AD2d 401 [1st Dept 2003]).
We have considered counsel's remaining arguments and find them unavailing.
M-2871 - Jose Aguilar v The City of
New York
Grant motion to the extent of deeming respondent's brief filed, and otherwise denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK