Samnath v Lifespire Servs., Inc. (2022 NY Slip Op 02643)

Samnath v Lifespire Servs., Inc.

2022 NY Slip Op 02643

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 26662/20E Appeal No. 15763 Case No. 2021-01584 

[*1]Liza M. Samnath et al., Plaintiffs-Appellants,
v
Lifespire Services, Inc., et al., Defendants-Respondents.

Ogen & Sedaghati, P.C., New York (Eitan Ogen of counsel), for appellants.
Fishman McIntyre Levine Samansky, P.C., New York (Kevin J. Donnelly of counsel), for respondents.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about April 5, 2021, which, to the extent appealed from, denied plaintiffs' motion for partial summary judgment on the issue of defendants' liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiffs established their prima facie entitlement to partial summary judgment by averring that, at the time of the accident, their vehicle was traveling westbound through an intersection at 91st Avenue in Queens, when defendants' vehicle failed to stop at a designated stop sign and struck the middle of the driver's side of plaintiffs' vehicle (see Martinez v Cofer, 128 AD3d 421, 422 [1st Dept 2015]). A presumption of negligence arises from the failure of a driver at a stop sign to yield the right of way to the vehicle on the highway in violation of Vehicle and Traffic Law § 1142 (id.; Namisnak v Martin, 244 AD2d 258, 260 [1st Dept 1997]).
In opposition, defendants failed to raise an issue of fact as to negligence on the part of the defendant driver. Defendant driver averred that she had stopped and that she looked before entering the intersection but did not provide a nonnegligent explanation for failing to yield the right of way to plaintiffs' vehicle (see Rivera v Haywood, 189 AD3d 649, 650 [1st Dept 2020]). Defendants' claim that defendant Bennett stopped at the stop sign, and checked for oncoming traffic but did not see plaintiffs' vehicle until it suddenly appeared in front of her as she proceeded into the intersection, fails to rebut the presumption of negligence arising from her failure to yield the right of way to plaintiffs' vehicle, but instead indicates that she was negligent in failing to see what was there to be seen (see Steigelman v Transervice Lease Corp., 145 AD3d 439, 440 [1st Dept 2016]).
Defendants' asserted belief that plaintiffs' vehicle was parked on 91st Avenue then entered the intersection after defendants' vehicle had already proceeded into the intersection is speculative (see Fay v New York City Tr. Auth., 149 AD3d 593, 594 [1st Dept 2017]). Furthermore, the evidence that defendants' vehicle struck plaintiffs' vehicle in the middle of the driver's side door shows that plaintiffs' vehicle entered the intersection before defendants' vehicle (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 299 [1st Dept 2008]; Namisnak v Martin, 244 AD2d 258, 260 [1st Dept 1997]; cf. Luciano-Mahoney v Rossman, 191 AD3d 604 [1st Dept 2021]). An operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield (Ward v Clark, 232 NY 195, 197-198 [1921]).
Finally, plaintiffs' motion is not premature because defendant Bennett herself
knew the relevant facts concerning the accident (see Callahan v Haji, 189 AD3d 610, 611 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022