Cordero v Kacinskis (2023 NY Slip Op 00809)

Cordero v Kacinskis

2023 NY Slip Op 00809

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Index No. 153843-16 Appeal No. 17306 Case No. 2022-00199 

[*1]Bibiana Cordero, Plaintiff-Respondent,
v
Julius Kacinskis et al., Defendants-Appellants.

Gordon Rees Scully Mansukhani, LLP, Harrison (Gerardo L. Espinoza of counsel), for appellants.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered June 23, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
On November 15, 2015, at approximately 6:30 p.m., plaintiff Bibiana Cordero was injured when a pick-up truck owned by defendant Communication Technology Services, LLC and operated by defendant Julius Kacinskis collided with her vehicle, an SUV, at the intersection of Catalpa Avenue and 65th Street in Queens, New York. Plaintiff was traveling on a road controlled by a stop sign; defendant did not have a stop sign. Plaintiff alleged that defendants were negligent in, among other things, failing to yield the right of way to her vehicle
Assuming, arguendo, defendant established prima facie entitlement to summary judgment, plaintiff, in response, raised issues of fact sufficient to defeat the motion. Plaintiff testified that she came to a complete stop at the stop sign and looked right and left before proceeding; and that at the time defendant collided with the rear quarter panel of her vehicle, she was already in the crosswalk on the other side of the intersection. The driver testified that he observed plaintiff's vehicle from a distance of 60 to 70 feet away as he approached the intersection, but then took his eyes away from the vehicle. This, together with the fact that defendant struck the rear panel of plaintiff's vehicle, causing it to spin and hit one parked car and to ricochet into a second car parked on the opposite side of the street, raises issues of fact as to which vehicle entered the intersection first and whether defendant could have avoided the accident. Further, although defendant testified that he observed the posted speed limit, it is undisputed that it was raining and the roadway was slick, raising a question as to whether defendant should have been driving at a lesser rate of speed than his admitted 25 — 30 mph.
"[T]his Court has repeatedly held that it cannot be said as a matter of law that [one] driver's conduct was the sole proximate cause of the accident simply because his approach into the intersection was regulated by a stop sign whereas no traffic control devices regulated [the other driver's] approach" (Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 297, 298 [1st Dept 2008] [internal quotation marks omitted] [holding that although the plaintiff was on a road controlled by a stop sign, the undisputed fact that defendant "broadsided plaintiff's vehicle, which creates a reasonable probability that plaintiff's car had crossed the intersection first," raised a question as to whether the defendant, who did not have a stop sign, was obliged to use reasonable care to avoid the collision]; see also Ampofo v Brydson, 144 AD3d 611 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023