Fernandez v Bright Leasing Corp. (2023 NY Slip Op 01049)

Fernandez v Bright Leasing Corp.

2023 NY Slip Op 01049

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, JJ. 

Index No. 26090-18E Appeal No. 17402-17403 Case No. 2022-02586, 2022-02770 

[*1]Yefri E. Fernandez et al., Plaintiffs,
v
Bright Leasing Corp., et al., Defendants-Appellants, Kemny DeJesus et al., Defendants-Respondents. 

The Zweig Law Firm, P.C., Woodmere (Jonah S. Zweig of counsel), for appellants.
James F. Butler & Associates, Jericho (Grace Cho of counsel), for respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about December 23, 2021, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Edwin R. DeJesus and Kenny DeJesus, sued herein as Kemny DeJesus (collectively the DeJesus defendants), for summary judgment dismissing the cross claims as against them, unanimously reversed, on the law, and the motion denied, without costs. Order, same court and Justice, entered on or about May 17, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on the issue of liability against defendants Bright Leasing Corp. and Naveed Akhtar (collectively the Bright defendants), unanimously affirmed, without costs.
Plaintiffs allege while they were passengers in a taxi owned by Bright Leasing Corp. and operated by Naveed Akhtar, they were injured in a collision with a vehicle owned by defendant Kenny DeJesus and operated by Edwin R. DeJesus. The street on which Akhtar was driving was controlled by a stop sign, but the street on which Edwin DeJesus was driving was not. Both Akhtar and plaintiffs testified that Akhtar stopped at the stop sign, although plaintiffs testified that Akthar did so very briefly; Akhtar testified that he checked for oncoming traffic but did not see the DeJesus defendants' vehicle until he, Akhtar, was already part of the way into the intersection. Furthermore, plaintiff Carlos Fernandez testified that a van was driving in front of the taxi and entered the intersection ahead of it after stopping at the stop sign. According to Fernandez, Akhtar went right behind the van and something hit the taxi as it was turning left.
Plaintiffs established their entitlement to summary judgment on liability as against the Bright defendants by submitting evidence that Akhtar failed to yield the right of way to the vehicle driven by Edwin DeJesus, thus establishing a presumption of negligence by Akhtar (see Vehicle and Traffic Law § 1142; Samnath v Lifespire Servs., Inc., 204 AD3d 554, 554 [1st Dept 2022]). In opposition, the Akhtar defendants failed to raise a material issue of fact, as Akhtar's testimony, in which he stated that he stopped at the stop sign and checked for traffic yet failed to see the DeJesus vehicle, did not give a nonnegligent explanation for failing to yield the right of way (see Rivera v Haywood, 189 AD3d 649, 650 [1st Dept 2020]; Steigelman v Transervice Lease Corp., 145 AD3d 439, 440 [1st Dept 2016]).
However, Supreme Court should not have dismissed the Bright defendants' cross claims against the DeJesus defendants, as the record presents issues of fact as to comparative negligence by the DeJesus defendants. Akhtar's testimony concerning the location of the DeJesus vehicle, along with Fernandez's testimony regarding the van in front of Akhtar's taxi, provides a basis for a factfinder to potentially determine that Edwin DeJesus could have avoided the collision, and therefore [*2]bears some responsibility for the accident (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 297 [1st Dept 2008]; Wilson v Trolio, 30 AD3d 255, 256 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023