Miranda v Dream Dr. LLC (2023 NY Slip Op 05691)

Miranda v Dream Dr. LLC

2023 NY Slip Op 05691

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 813023/21 Appeal No. 1005 Case No. 2023-00905 

[*1]Erick Miranda, Plaintiff-Appellant,
v
Dream Drive LLC et al., Defendants-Respondents.

Pavlounis & Sfouggatakis, LLP, Brooklyn (Anthony T. Santora of counsel), for appellant.
The Zweig Law Firm, P.C., Woodmere (Daniel P. Rifkin of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered December 12, 2022, which granted defendants' motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Defendants established prima facie that the collision between their vehicle and plaintiff's vehicle was caused by plaintiff's failure to yield the right of way to defendant's vehicle at the intersection (see Vehicle and Traffic Law § 1142 (a); Samnath v Lifespire Servs., Inc., 204 AD3d 554, 554 [1st Dept 2022]; Rivera v Haywood, 189 AD3d 649, 649-650 [1st Dept 2020]).
In opposition, plaintiff failed to raise an issue of fact as to negligence on his part. Plaintiff averred that he had stopped at the stop sign and looked before entering the intersection but did not provide a nonnegligent explanation for failing to yield the right of way to defendants' vehicle (Rivera, 189 AD3d at 650). Plaintiff's speculation that defendant driver could have been speeding or distracted was insufficient to defeat defendants' summary judgment motion (see Estate of Bachman v Hong, 169 AD3d 436, 437 [1st Dept 2019].
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023