■ In the Matter of the Claim of LEE JOHNSON, Respondent, against ALLEGHENY LUDLUM STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision and award of the Workmen's Compensation Board. The board found that on June 15, 1951, while in the course of his employment, the claimant sustained accidental injuries in the nature of a back strain with a ruptured disc and as a result was partially disabled causing reduced earnings. Appellant concedes that claimant was injured on that date and does not question the fact that claimant later became partially disabled. It contends that the injury of June 15, 1951, was only a simple back strain from which the claimant fully recovered without loss of time and that his condition is the result of a natural degenerative condition antedating June, 1951, and having nothing to do with any accidental injury. Claimant originally had alleged that the accident which was the basis of his claim occurred some time in March, rather than June, 1951, but he was apparently confused about the date and later amended his claim to the June date. There is medical testimony, upon which the board was entitled to rely, to the effect that the claimant's disability was causally related to the accident of June 15, 1951. None of the assumptions underlying the medical testimony are inconsistent with the facts as found by the board and the confusion as to the date of the accident does not affect the sufficiency of that testimony. The record is an unsatisfactory one, largely because of the confusion as to dates, and serious questions of credibility are raised but those are exclusively within the province of the board. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.