Legrand v USC-NYCON, LLC (2025 NY Slip Op 00379)

Legrand v USC-NYCON, LLC

2025 NY Slip Op 00379

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. 28973/18 Appeal No. 3549 Case No. 2024-00802 

[*1]Anthony Legrand, Plaintiff-Respondent,
v
USC-NYCON, LLC et al., Defendants-Appellants.
USC-NYCON, LLC et al., Third-Party Plaintiffs-Appellants,
v
Issouf Kabore et al., Third-Party Defendants.

Gallo Vitucci Klar LLP, New York (MÓnica Romeo of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood II of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about December 22, 2023, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
According to plaintiff's deposition testimony, he was waiting in his car stopped in traffic with his foot on the brake when a cement truck owned by defendant USC-NYCON LLC and driven by defendant Michael Cunha hit him from behind. For his part, Cunha testified at his deposition that as plaintiff was making a right turn, he cut Cunha off, causing plaintiff's car to be dragged through the front bumper of the cement truck. Cunha also testified that he did not see plaintiff's car before the impact.
Defendants failed to establish their entitlement to summary judgment, as the conflicting deposition testimony raised triable issues of fact as to the proximate cause or causes of the collision (see Rawls v Simon, 157 AD3d 418, 418 [1st Dept 2018]; Gyamfi v Citywide Mobile Response Corp., 146 AD3d 612, 612 [1st Dept 2017]). Plaintiff's version of the collision was not incredible as a matter of law (see Estrella-Duarte v Rachel Cho Inc., 211 AD3d 405, 406 [1st Dept 2022]). Furthermore, given Cunha's testimony that he never saw plaintiff's vehicle before the impact, there is a triable issue of fact as to whether he breached his duty to see what should be seen and to exercise reasonable care under the circumstances to avoid the collision as he approached the intersection (see Gardiner v City of New York, 214 AD3d 410, 411 [1st Dept 2023]). Cunha's testimony that the front right side of the truck's bumper came into contact with the rear left-side panel of plaintiff's vehicle also raises a possibility that plaintiff's car entered the intersection first (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 298 [1st Dept 2008]). If plaintiff's vehicle had already started to enter the intersection when Cunha approached it, Cunha had a duty to use reasonable care to avoid the collision even if he had the right-of-way.
Nor can it be said as a matter of law that plaintiff's conduct was the sole proximate cause of the accident simply because his initial approach into the intersection was regulated by a stop sign whereas there were no traffic control devices regulating Cunha's approach (see Hernandez v Bestway Beer & Soda Distrib., 301 AD2d 381 [1st Dept 2003]). Instead, the record presents triable issues of fact as to whether plaintiff stopped for the stop sign as required by Vehicle and Traffic Law § 1142(a) and which vehicle entered the intersection first (see Luciano-Mahoney v Rossman, 191 AD3d 604, 604-605 [1st Dept 2021]; Rivera v Berrios Trans Serv. Inc., 64 AD3d 416, 417 [1st Dept 2009]).
Furthermore, the parties' conflicting expert affidavits raise issues of fact and credibility that cannot be resolved on summary judgment (see Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]). Defendants' experts opined that plaintiff's vehicle was moving [*2]forward before impact, and they asserted that there was no evidence supporting plaintiff's testimony that his vehicle was stopped when it was struck by defendants' truck. Plaintiff's expert opined, however, that the collision was caused by defendant Cunha's failure to avoid striking the rear of plaintiff's stopped vehicle.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025