**Ochoa v 270 W. St., LLC**

2025 NY Slip Op 31097(U)

April 4, 2025

Supreme Court, New York County

Docket Number: Index No. 159073/2018

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. PAUL A. GOETZ</u>                    PART                47

*Justice*

-------------------------------------------------------------------------------X

CRISTHIAN OCHOA,

                    Plaintiff,

- v -

270 WEST STREET, LLC, CAPSTONE CONTRACTING
CORP., C&R CONSTRUCTION/REN, INC,

                    Defendants.

-------------------------------------------------------------------------------X

270 WEST STREET, LLC

                    Plaintiff,

-against-

CAPSTONE CONTRACTING CORP., FERNHILL
CONSTRUCTION CORP

                    Defendants.

-------------------------------------------------------------------------------X

270 WEST STREET, LLC, C&R CONSTRUCTION/REN, INC

                    Plaintiffs,

-against-

UNDERWRITERS AT LLOYD'S, LONDON, WKFC
UNDERWRITING MANAGERS, NAVIGATORS INSURANCE
COMPANY, FERNHILL CONSTRUCTION COMPANY

                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159073/2018 |
| MOTION DATE | 07/25/2024, 07/26/2024, 07/26/2024 |
| MOTION SEQ. NO. | 011 012 013 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595396/2019

Second Third-Party
Index No. 595818/2021

The following e-filed documents, listed by NYSCEF document number (Motion 011) 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 406, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 516, 520, 546, 547, 548, 549, 550, 551, 552

were read on this motion to/for                  JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399,

400, 401, 402, 407, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 518, 521, 522, 543, 544, 557, 558

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 408, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 512, 517, 523, 524, 526, 527, 528, 529, 530, 556

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this Labor Law personal injury action arising from a falling beam which struck plaintiff, plaintiff moves pursuant to CPLR § 3212 for summary judgment on the issue of defendants' liability under Labor Law § 240(1) (MS #11). Defendants/third-party plaintiffs 270 West Street LLC (270 West) and C&R Construction/REN Inc. (C&R) move pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint in its entirety; or in the alternative, for full contractual and/or common law indemnification as against third-party defendant Capstone Contracting Corp (Capstone) and dismissing all of Capstone's crossclaims as against them (MS #12). Plaintiff cross-moves pursuant to CPLR § 3212 for summary judgment on the issue of 270 West and C&R's liability on his common law negligence and Labor Law §§ 200 and 241(6) claims (MS #12). Capstone moves pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's direct claims as against it, and dismissing the third-party contractual indemnity claim and any crossclaims asserted against it (MS #13). Plaintiff cross-moves pursuant to CPLR § 3212 for summary judgment on the issue of Capstone's liability on his common law negligence and Labor Law §§ 200 and 241(6) claims (MS #13).

## BACKGROUND

270 West was the owner of the property located at 440 Washington Street, New York, NY (the premises) where plaintiff was injured (NYSCEF Doc No 429). 270 West hired C&R as the general contractor for a project to construct a new 10- to 12-story mixed-use building on the

[* 2]

premises, which included one cellar level (*id.*). C&R retained Capstone to perform the foundation work, and Capstone retained third-party defendant Fernhill Construction Corp (Fernhill), plaintiff's employer, to provide carpentry services (*id.*).

On February 12, 2018, plaintiff, a carpenter, was working on the cellar foundation as instructed by Capstone foreman James Greene (NYSCEF Doc No 347, pp. 26, 27, 37-40 [plaintiff received day-to-day instructions from Capstone employees, not employees of Fernhill]). After the concrete hardened, plaintiff and the other carpenters began breaking down the formwork[1] they had used during the concrete pouring process (*id.* p. 41). The distance from the cellar floor to the ground floor was at least 10 feet, and the formwork beams were 8 to 16 feet in height (*id.* pp. 44, 50). Once the beams were dismantled, workers on the ground floor used an excavator to lower a bucket to the cellar floor, into which plaintiff and others would load the discarded items; then, the ground floor workers would pull the bucket back up to be emptied (*id.* pp. 93, 97).

Plaintiff testified that at around noon, he was on his hands and knees on the cellar floor, removing wooden planks from the formwork (*id.* pp. 42-43). When the excavator lifted the bucket, which was filled with planks, to the ground floor, one of the planks fell out (*id.* pp. 44, 50). Plaintiff alleges that the plank, which was 8 to 10 feet and very heavy, fell onto plaintiff, striking him in the back, neck and head, and he was knocked forward (NYSCEF Doc No 345).

Plaintiff's causes of action are for common law negligence and violations of Labor Law §§ 200, 240(1) and 241(6) (NYSCEF Doc No 21). Capstone asserts a crossclaim against 270 West and C&R for contribution and common law indemnification (NYSCEF Doc No 24), and

---

[1] Plaintiff explains that "[f]orms are comprised of pre-engineered and pre-manufactured panels, to help form the perimeter walls of a building by holding the concrete in place when the concrete is poured" (NYSCEF Doc No 343).

**159073/2018   OCHOA, CRISTHIAN vs. 270 WEST STREET, LLC**                          **Page 3 of 18**
**Motion No.  011 012 013**

270 West and C&R assert crossclaims against Capstone for contractual and common law indemnification and contribution (NYSCEF Doc No 25).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

i.      *Plaintiff's Claims as Against Capstone (MS #13)*

Capstone moves for summary judgment dismissing plaintiff's complaint as against it on the basis that plaintiff's accident did not occur as alleged or did not occur at all; and plaintiff cross-moves for summary judgment on the issue of Capstone's liability under each of his causes of action.

Capstone asserts that plaintiff's deposition testimony is incredible as a matter of law, and the affidavit he submitted on his own motion for summary judgment (MS #11) only creates a feigned issue of fact. First, Capstone notes the inconsistencies as to the date of plaintiff's accident: plaintiff's complaint and bill of particulars allege his accident occurred on February 12, 2018; at plaintiff's deposition on November 30, 2022, he repeatedly testified that his accident occurred on March 1, 2018; plaintiff filed two C-3 workers' compensation forms, one referring to an accident on February 12 and the other referring to an accident on March 1; at plaintiff's deposition on December 9, 2022, plaintiff testified that the accident occurred on February 2, 2018; and plaintiff's treatment records indicate that the accident occurred on March 1, 2018 (NYSCEF Doc No 353). Second, Capstone notes that plaintiff's deposition testimony is at odds with other documentation of how his accident occurred, if it occurred at all: the C-3 form referring to a March 1 accident indicates that plaintiff "injured [his] back while trying to pry a plywood box from cement" (NYSCEF Doc No 368); the C-3 form referring to a February 12 accident indicates that plaintiff was injured "while taking material out of an excavation" (NYSCEF Doc No 369); his hospital records indicate that plaintiff "was attempting to lift plywood with cement" and "developed pain instantly after lifting" (NYSCEF Doc No 370); and there were no witnesses to plaintiff's accident, though Capstone foreman James Greene had a clear view of the area at the time of the alleged accident (NYSCEF Doc No 364, pp. 61, 64, 68).

[* 5]

Plaintiff submits an affidavit to explain the source of the inconsistencies of the date of his accident, stating that in his deposition and at the hospital, he "confused the date that [he] got struck by the Form [i.e., February 12, 2018] with the date that [he] stopped working [i.e., March 1, 2018]" (NYSCEF Doc No 477). He further states that "[a]t the start of my last deposition . . . I had intended to testify February 12, 2018 [was the correct date] but my counsel jumped in and confused me by stating February 2, 2018" (*id.*). In any event, plaintiff argues, any inconsistency with respect to the date of the accident is immaterial because "confusion as to the date of the accident does not affect the sufficiency of" the evidence (*Johnson v Allegheny Ludlum Steel Corp.*, 4 AD2d 729 [3rd Dept 1957]). Plaintiff also argues that the C-3 forms and medical records Capstone relies on are inadmissible hearsay and have not been authenticated, also noting that plaintiff is not a native English speaker and is unable to read English, and Capstone did not demonstrate that the translations were accurate (NYSCEF Doc No 469).

Regardless of the admissibility of the records in support of Capstone's motion, the crux of the motion is that there are questions as to plaintiff's credibility, but "issues of fact and credibility [] cannot be resolved on [a motion for] summary judgment" (*Legrand v USC-NYCON, LLC*, 2025 NY Slip Op 00379, *1 [1st Dept 2025]; *A.L. v New York City Hous. Auth.*, 169 AD3d 40, 50 [1st Dept 2019] ["Any inconsistencies in a plaintiff's testimony present a credibility issue for the trier of fact"]; *Dillenbeck v Shovelton*, 114 AD3d 1125, 1127 [3rd Dept 2014] [summary judgment could not be granted even where an affidavit was "patently inconsistent with plaintiff's deposition testimony"]). "Contrary to [Capstone's] contention, [plaintiff's description of his accident] was not inherently unworthy of belief, nor [does] the other evidence in the case render it incredible as a matter of law" (*Salako v Nassau Inter-County Express*, 131 AD3d 687, 688 [2nd

[* 6]

Dept 2015]; *Legrand*, 2025 NY Slip Op 00379 at \*1). Thus, Capstone has failed to meet its prima facie burden.

However, while "[h]earsay [] cannot be considered as evidence to *support* a motion for summary judgment" (*Vera v Low Income Mktg. Corp.*, 145 AD3d 509, 515 [1st Dept 2016] [emphasis added]), it "may be considered to *defeat* a motion for summary judgment as long as it is not the only evidence submitted in opposition" (*Fountain v Ferrara*, 118 AD3d 416, 416 [1st Dept 2014] [emphasis added]). Capstone's submissions, while insufficient to show its own entitlement as a matter of law, are sufficient to defeat plaintiff's cross-motion because they raise material issues of fact and credibility that cannot be resolved at this stage, and these issues form the basis of each of plaintiff's causes of action.

Accordingly, the part of Capstone's motion for summary judgment seeking to dismiss the complaint as against it will be denied, and the part of plaintiff's cross-motion seeking summary judgment on the issue of Capstone's liability under each of his causes of action will be denied.

ii.     *Labor Law § 200 & Common Law Negligence (MS #12)*

270 West and C&R move for summary judgment dismissing plaintiff's common law negligence and Labor Law § 200 causes of action; and plaintiff cross-moves for summary judgment on the issue of their liability under same.

"Labor Law § 200(1) codifies the common-law duty [of an owner or general contractor] to maintain a safe workplace" (*Toussaint v Port Auth. of New York and New Jersey*, 38 NY3d 89, 94 [2022]). "Claims under Labor Law § 200 and the common law fall under two categories: 'those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed'" (*Jackson v Hunter Roberts Constr., L.L.C.*, 205 AD3d 542, 543 [1st Dept 2022], quoting *Cappabianca v Skanska USA Bldg. Inc.*, 99

AD3d 139, 143-44 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id*.). On the other hand, "where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*id.* [internal citations omitted]).

270 West and C&R argue that plaintiff's Labor Law § 200 and common law negligence causes of actions must be dismissed because "there has been no evidence presented" indicating that they created or had notice of the alleged dangerous condition or that they "direct[ed] or control[led] the means and methods of the plaintiff's work" (NYSCEF Doc No 377). Plaintiff argues that 270 West and C&R "failed to submit any evidence that they did not (A) create a dangerous condition by providing plaintiff with an excavator that was not equipped with a provide proper safety devices [] or (B) have actual or constructive notice that the excavator was not equipped with safety device" (NYSCEF Doc No 479 [plaintiff "was employed by Fernhill" but worked "under the direction of Capstone"]). Plaintiff argues in support of his cross-motion that he "has provided irrefutable evidence of the Moving Defendants' violation of Labor Law 200(1)" because they "used the bucket on the excavator to lift Forms and materials from the cellar to the ground floor," plaintiff was injured by a dismantled plank, and plaintiff was not provided with safety devices (*id.*).

Here, plaintiff's injury falls into the category of injuries "arising from the manner in which the work was performed," and therefore, "the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Jackson*, 205 AD3d at 543). While plaintiff asserts that his claim "aris[es] from [270 West and C&R's] method of using

[* 8]

the excavator bucket to hoist materials from the cellar to the ground level without any safety device" (NYSCEF Doc No 479), this assertion is unsupported; plaintiff makes no allegations that 270 West and C&R, as opposed to Capstone or Fernhill, engaged in or supervised this activity. In any case, as discussed *supra*, questions of fact remain as to whether and how plaintiff's accident occurred, precluding summary judgment in his favor. Thus, 270 West and C&R have established their entitlement to judgment as a matter of law on plaintiff's Labor Law § 200 and common law negligence causes of action, and plaintiff has not.

Accordingly, the part of 270 West and C&R's motion for summary judgment seeking dismissal of plaintiff's Labor Law § 200 and common law negligence causes of action will be granted, and the part of plaintiff's cross-motion seeking summary judgment on the issue of 270 West and C&R's liability under same will be denied.

### iii.    *Labor Law § 240(1)*

Plaintiff moves for summary judgment on the issue of 270 West and C&R's[2] liability on his Labor Law § 240(1) claim (MS #11); and 270 West and C&R move for summary judgment dismissing this claim (MS #12).

Labor Law § 240(1), known as the Scaffold Law, provides as relevant:

> "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

Labor Law § 240(1) "imposes a nondelegable duty on owners and contractors to provide devices which shall be so constructed, placed and operated as to give proper protection to those

---

[2] The part of plaintiff's motion as it pertains to Capstone is discussed *supra*.

**159073/2018   OCHOA, CRISTHIAN vs. 270 WEST STREET, LLC**
**Motion No.  011 012 013**

**Page 9 of 18**

[* 9]

individuals performing the work" (*Quiroz v Memorial Hosp. for Cancer & Allied Diseases*, 202 AD3d 601, 604 [1ˢᵗ Dept 2022] [internal quotation marks and citations omitted]).  It "'was designed to prevent those types of accidents in which the . . . protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (*John v Baharestani*, 281 AD2d 114, 118 [1ˢᵗ Dept 2001], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

The absolute liability found in section 240 "is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*O'Brien v Port Auth. of N.Y. & N.J.,* 29 NY3d 27, 33 [2017] [internal quotation marks and citation omitted]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]).  Therefore, section 240(1) "does not cover the type of ordinary and usual peril to which a worker is commonly exposed at a construction site" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 267 [1ˢᵗ Dept 2007]).  In order to prevail on a Labor Law § 240(1) claim, a plaintiff must establish that the statute was violated, and that this violation was a proximate cause of the plaintiff's injuries (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]).

Plaintiff argues that he is entitled to judgment as a matter of law because "the undisputed evidence demonstrates that . . . the Beam that fell and struck plaintiff was an object that required securing for the purposes of the undertaking" (NYSCEF Doc No 343). Similar to Capstone, 270 West and C&R identify several significant inconsistencies as to the date of plaintiff's accident and the manner in which it occurred, if at all (NYSCEF Doc No 488). As discussed *supra*, these inconsistencies are sufficient to raise material issues of fact and credibility and plaintiff's motion will be denied on this basis.

270 West and C&R separately move for summary judgment dismissing plaintiff's Labor Law § 240(1) cause of action. They argue that "plaintiff's work did not require the use of safety equipment" because the bucket "was not supposed to be overfilled" such that materials required securing, and "plaintiff admitted that he loaded the bucket of the excavator, so if it was overfilled at any point, plaintiff would have been the sole proximate cause of his own accident" (NYSCEF Doc No 377). This argument requires several assumptions—that plaintiff was aware of what constituted "overfilling" the bucket and was instructed against doing so; that plaintiff, alone, was responsible for overfilling the bucket; that the wooden plank would not have fallen if the bucket was filled to the appropriate level—which are insufficiently supported by the record. 270 West and C&R seem to base this argument solely on Green's testimony that the bucket "didn't require [securing] because to avoid any material falling out, the bucket is [] not over filled" and that this "is kind of the safety procedure [to prevent materials from] jump[ing] out over" the edge (NYSCEF Doc No 442, p. 72) and plaintiff's testimony that he placed materials in the bucket (NYSCEF Doc No 439, p. 93). This testimony fails to establish that plaintiff was the sole proximate cause of his accident.

270 West and C&R also assert that plaintiff was a recalcitrant worker, as he "filled the bucket and [] stood underneath" the active excavator, though he had been instructed not to do so (NYSCEF Doc No 377). Plaintiff argues that this defense is without merit because "[t]here is no evidence that, before plaintiff was struck, he was even aware that [the] excavator bucket was being swung above him" or that he "disobeyed an immediate order" by working in the area where he was injured (NYSCEF Doc No 479). Again, 270 West and C&R seem to rely only on Greene's testimony: when asked if there was "a procedure or a practice that was taught to the workers to clear the area of the bucket when it was actually ascending," Greene replied that it

[* 11]

"would have been something that was [discussed in] the pre-task meetings" (NYSCEF Doc No 442, p. 60). However, Greene went on to say that it "would be something that would have been discussed maybe not everyday" (*id.*). Plaintiff is correct "[d]efendants' recalcitrant worker defense, predicated on plaintiff's failure to [stand clear of the excavator], is unavailing, . . . there being no evidence that plaintiff was given an immediate instruction" to do so (*Olszewski v Park Terrace Gardens, Inc.*, 306 AD2d 128, 128-29 [1st Dept 2003]; *Vitucci v Durst Pyramid LLC*, 205 AD3d 441, 444 [1st Dept 2022] [defendants "failed to make a showing that plaintiff deliberately refused to obey a direct and immediate instruction to . . . not stand on the edge of the bathtub so as to invoke the recalcitrant worker defense"]).

Finally, 270 West and C&R assert that plaintiff could have used a ladder to carry the beams up to the ground floor instead of using the bucket. In opposition, plaintiff asserts that using the excavator and bucket was the safest way to remove the beams from the cellar floor (NYSCEF Doc No 479). Greene testified that the workers "could manually . . . walk up a ladder [with] each individual piece of material" but that doing so is "very difficult and slow and dangerous sometimes," and so "the safest way [to remove materials] is to take it out of the hole with the excavator" (NYSCEF Doc No 442, p. 63, 67, 75). From the evidence presented, "it seems almost ridiculous to preclude recovery merely because plaintiff had an alternative means to [discard materials] from his work area, especially when that alternative [] may have seemed more dangerous than the [method] plaintiff did utilize" (*Ramirez v Shoats*, 78 AD3d 515, 517 [1st Dept 2010]). Therefore, 270 West and C&R failed to establish their entitlement to judgment as a matter of law on plaintiff's Labor Law § 240(1) claim.

Accordingly, the part of plaintiff's motion seeking summary judgment on the issue of 270 West and C&R's liability under Labor Law § 240(1) will be denied (MS #11); and the part of

270 West and C&R's motion for summary judgment seeking dismissal of that cause of action will be denied (MS #12).

    *iv.    Labor Law § 241(6)*

270 West and C&R move for summary judgment dismissing plaintiff's Labor Law § 241(6) cause of action; and plaintiff cross-moves for summary judgment on the issue of their liability under same (MS #12).

"Labor Law § 241(6) imposes a non-delegable duty on owners and contractors to provide reasonable and adequate protection and safety" (*Toussaint v Port Auth. of New York and New Jersey*, 38 NY3d 89, 93 [2022] [internal citations omitted]) "to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Ochoa v JEM Real Estate Co., LLC*, 223 AD3d 747, 749 [2nd Dept 2024]). "To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident" (*id*.). "[A]n owner or general contractor is vicariously liable without regard to their fault, and even in the absence of control or supervision of the worksite, where a plaintiff establishes a violation of a specific and applicable Industrial Code regulation" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 317 [2024] [internal quotation marks and citations omitted]). "The Code regulation must constitute a specific, positive command, not one that merely reiterate[s] the common-law standard of negligence" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 271 [1st Dept 2007], *lv denied* 10 NY3d 710 [2008]).

[* 13]

On the instant motion, plaintiff only addresses Industrial Code §§ 23-9.4(e)(1) and (h)(5) in support of his Labor Law § 241(6) cause of action (NYSCEF Doc No 479).[3] Therefore, plaintiff abandoned any remaining provisions of the Industrial Code cited in his bill of particulars (*Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 475 [1st Dept 2012] ["Where a defendant so moves, it is appropriate to find that a plaintiff who fails to respond to allegations that a certain section is inapplicable or was not violated be deemed to abandon reliance on that particular Industrial Code section."]).

Industrial Code §§ 23-9.4(e)(1) and (h)(5) provide:

> **23-9.4(e)(1): Attachment of load.** Any load handled by [power shovels and backhoes] shall be suspended from the bucket or bucket arm by means of wire rope having a safety factor of four.

> **23-9.4(h)(5): General operation.** Carrying or swinging suspended loads over areas where persons are working or passing is prohibited.

270 West and C&R argue that "[t]hese sections are not applicable to the facts of this case as plaintiff was aware of the active excavator" and "Green testified that clearing the floor when active excavators were in motion was custom and discussed at pre-task meetings" (NYSCEF Doc No 544). They further assert that "[i]n the case at hand, there was no load that required being suspended by wire rope because it was debris and garbage that was loaded into the bucket of the excavator," though they do not explain why "debris and garbage" need not be secured as opposed to any other material that may be handled by an excavator (*id.*). Neither of these arguments supply a basis to determine, as a matter of law, that 270 West and C&R did not violate these Industrial Code sections.

---

[3] These two statutory violations were not cited in plaintiff's original bill of particulars, however, by decision and order dated February 19, 2025, plaintiff was permitted to amend the bill of particulars to include them (NYSCEF Doc No 559).

As for plaintiff's cross-motion, as explained *supra*, material issues of fact and credibility remain which preclude summary judgment in plaintiff's favor at this stage.

Accordingly, the part of 270 West and C&R's motion for summary judgment seeking dismissal of plaintiff's Labor Law § 241(6) cause of action will be granted as predicated on Industrial Code §§ 23-1.5, 23-1.7, 23-1.10, and 23-1.11, and denied as predicated on Industrial Code §§ 23-9.4(e)(1) and (h)(5), and the part of plaintiff's cross-motion seeking summary judgment on the issue of 270 West and C&R's liability for same will be denied.

> *v.* *Indemnification & Contribution*

270 West and C&R alternatively move for summary judgment on their contractual and common law indemnification and contribution claims as against Capstone (MS #12); and Capstone moves for summary judgment dismissing 270 West and C&R's contractual indemnification claim as against it (MS #13).

"A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (*Karwowski v 1407 Broadway Real Estate, LLC*, 160 AD3d 82, 87-88 [1st Dept 2018], quoting *Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]). "'The right to contractual indemnification depends upon the specific language of the contract'" (*Trawally v City of New York*, 137 AD3d 492, 492-493 [1st Dept 2016], quoting *Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255, 1255 [2nd Dept 2010]) and indemnity contracts "must be strictly construed so as to avoid reading unintended duties into them" (*905 5th Assoc., Inc. v Weintraub*, 85 AD3d 667, 668 [1st Dept 2011]). In contractual indemnification, "the one seeking indemnity need only establish that it was free from any negligence and was held liable solely by virtue of the statutory liability" (*Pena v Intergate Manhattan LLC*, 194 AD3d

576, 578 [1st Dept 2021], quoting *Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65 [1st Dept 1999]).  Unless the indemnification clause explicitly requires a finding of negligence on behalf of the indemnitor, "[w]hether or not the proposed indemnitor was negligent is a non-issue and irrelevant" (*Correia,* 259 AD2d at 65).

The contract between C&R and Capstone provides, in relevant part:

> To the fullest extent permitted by law, [Capstone] shall [] indemnify [C&R] . . . against all claims, suits, expenses (including but not limited to reasonable attorneys' fees . . .) related to, or arising in [] connection with . . . the Work . . .

(NYSCEF Doc No 450 § 4.1). 270 West and C&R argue that because plaintiff's alleged accident arose from Capstone's work on the construction project, in the event that they are found liable, they are entitled to indemnification from Capstone.

As determined *supra*, issues of fact remain as to 270 West and C&R's liability for plaintiff's injuries. Since 270 West and C&R have not "establish[ed] that [they were] free from any negligence and [may be] held liable solely by virtue of the statutory liability" (*Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65 [1st Dept 1999]), "a conditional order of summary judgment for contractual indemnification must be denied as premature" (*Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2nd Dept 2009]; *Radeljic v Certified of N.Y., Inc.*, 161 AD3d 588, 590 [1st Dept 2018] ["In light of the issues of fact that exist as to the extent of defendant's liability for causing plaintiff's injuries, summary judgment on defendant's contractual indemnification claim [] would be premature"]). It would be "similarly premature" to determine whether 270 West and C&R are entitled to common law indemnification or contribution from Capstone (*Martinez v City of New York*, 73 AD3d 993, 999 [2nd Dept 2010]).

For the same reasons, it would be premature to dismiss 270 West and C&R's contractual indemnification claim as against Capstone, notwithstanding Capstone's assertions that "[a]ll

admissible evidence [] demonstrates that this accident was manufactured [and] [t]herefore, the alleged indemnity clause is not triggered and is not applicable to the claims asserted in this action" (NYSCEF Doc No 353).

Accordingly, the part of 270 West and C&R's motion seeking judgment on its contractual and common law indemnification and contribution claims as against Capstone will be denied (MS #12); and the part of Capstone's motion for summary judgment seeking dismissal of 270 West and C&R's contractual indemnification claim as against it will be denied (MS #13).

*vi.    Dismissal of Remaining Crossclaims*

270 West and C&R move for summary judgment dismissing Capstone's crossclaims as against them (MS #12); and Capstone moves for the same against 270 West and C&R (MS #13). Neither party identifies these purported remaining crossclaims, and from each party's answer, it appears that none exist (NYSCEF Doc Nos 24, 25). Accordingly, the parts of both motions seeking to dismiss "all crossclaims" will be denied.

**CONCLUSION**

Based on the foregoing, it is

ORDERED that 270 West and C&R's motion for summary judgment (MS #12) will be granted only to the extent that it seeks dismissal of plaintiff's Labor Law § 200 and common law negligence causes of action as against it, and dismissal of plaintiff's Labor Law § 241(6) cause of action as predicated on Industrial Code §§ 23-1.5, 23-1.7, 23-1.10, and 23-1.11, and is otherwise denied; and it is further

ORDERED that plaintiff's motion (MS #11) is denied in its entirety; and it is further

ORDERED that Capstone's motion (MS #13) is denied in its entirety.

20250404125108PGOETZ21A882FC49D245669D50985B2B14F5FF

| **4/4/2025** | | **PAUL A. GOETZ, J.S.C.** |
|---|---|---|
| **DATE** | | |

**CHECK ONE:**    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED   ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

**APPLICATION:**    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

[* 18]